1  Edwin Aiwazian (Cal. State Bar No. 232943)
       *edwin@lfjpc.com*
2  Jill J. Parker (Cal. State Bar No. 274230)
       *jill@lfjpc.com*
3  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
4  Glendale, California 91203
   Telephone:   (818) 265-1020
5  Facsimile:   (818) 265-1021

6  *Attorneys for* Plaintiff

7

8

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12
   PHYLLIS FRANKE; individually, and        Case No.:  2:17-cv-03241-DSF-AFM
13 on behalf of other members of the
   general public similarly situated,       Honorable Dale S. Fischer
14
                 Plaintiff,                 **DECLARATION OF JILL J. PARKER
15                                          IN SUPPORT OF PLAINTIFF'S
        vs.                                 MOTION TO REMAND PURSUANT
16                                          TO 28 U.S.C. § 1447**
   ANDERSON MERCHANDISERS LLC,
17 an unknown business entity; and DOES
   1 through 100, inclusive,
18                                          Date:        June 12, 2017
                 Defendants.                Time:        1:30 p.m.
19                                          Courtroom:   7D
20
21                                          Complaint Filed:  March 17, 2017
                                            Trial Date:       None Set
22
23
24
25
26
27
28

## DECLARATION OF JILL J. PARKER

I, Jill J. Parker, declare as follows:

1.  I am an attorney duly licensed to practice before all courts of the State of California and the United States District Court for the Central District of California. I am a member of Lawyers *for* Justice, PC, counsel for Plaintiff Phyllis Franke ("Plaintiff") in this case. The facts set forth in this declaration are within my personal knowledge and, if called as a witness, I could and would competently testify as follows.

2.  On May 3, 2017, I sent a meet and confer letter to Defendant Anderson Merchandisers, LLC's ("Defendant") counsel regarding Defendant's amount in controversy calculations. I explained that Plaintiff's position was that Defendant failed to establish the amount in controversy for Plaintiff to a legal certainty, and further failed to establish the amount in controversy for the proposed class by a preponderance of the evidence. I requested that Defendant inform me by the close of business on May 10, 2017 as to whether Defendant would agree to withdraw its notice of removal, and invited Defendant's counsel to provide me with their availability to discuss the matter further if they were so inclined. Attached hereto as Exhibit A is a true and correct copy of my May 3, 2017 letter.

3.  To date, I have received no response to my attempt to meet and confer with Defendant's counsel regarding Plaintiff's intention to file a motion to remand.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 11th day of May 2017 at Glendale, California.


_____
Jill J. Parker

# EXHIBIT A



May 3, 2017

*BY U.S. MAIL & E-MAIL*

Elizabeth Staggs Wilson
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071

> **Re:** *Franke v. Anderson Merchandisers LLC*
> **C.D. Case No. 2:17-cv-03241**

Dear Ms. Staggs Wilson,

I hope you are doing well. I am writing to meet and confer with you regarding Defendant Anderson Merchandisers LLC's ("Defendant") Notice of Removal. For the reasons that follow, Plaintiff Phyllis Franke ("Plaintiff") intends to file a motion to remand this case to state court.

## I.     Diversity Jurisdiction

Plaintiff's complaint alleges that the amount in controversy for Plaintiff is less than $75,000. Accordingly, Defendant has the burden of establishing to a legal certainty that the amount in controversy exceeds $75,000. *Brown v. Rosebud*, 2016 U.S. Dist. LEXIS 56904, *4 (C.D. Cal., Apr. 28, 2016). Case law is clear that "the plaintiff is 'master of her complaint'" and that it is "plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court." *Guglielmino v. McKee Foods Corp.* (2007) 506 F. 3d 696, 700. Defendant's calculations are based upon unsubstantiated speculations regarding how many unpaid hours Plaintiff worked, and how many meal period and rest period violations she experienced.    Such unsubstantiated calculations are insufficient, where, as here, Plaintiff has pled in good faith on the face of the complaint that the amount in controversy is less than the federal jurisdictional amount.

Defendant arbitrarily assumes that Plaintiff worked half an hour of unpaid overtime on 55 days, experienced a meal period violation on 140 days, and experienced a rest period violation on 196 days. Defendant's suppositions – which are not based on any allegation in the complaint - are not the standard for removing a state court action to the limited jurisdiction of the federal courts. The law is clear; Defendant must provide summary judgment type *evidence* to establish that the

amount in controversy is exceeded. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Additionally, Defendant impermissibly asserts that there is $7,500 in controversy for penalties under Labor Code § 17206. Nowhere in the Complaint does Plaintiff state a claim for section 17206 penalties. In the prayer for the tenth cause of action under the UCL, Plaintiff does not request any penalties – just restitution, attorneys' fees, and costs. Therefore, there is no amount in controversy for section 17206, and $7,500 must be deducted from Defendant's calculations.

Defendant improperly assumes that a maximum of 30 days of waiting time penalties are in controversy for Plaintiff. Defendant fails to provide any evidence that Plaintiff was paid final wages 30 days late; nor does the Complaint allege that Plaintiff was paid her final wages 30 days late. As such, Defendant has failed to show to a legal certainty that there is $2,225.28 in controversy for waiting time penalties.

Likewise, Defendant's conclusion that attorneys' fees for Plaintiff will amount to $70,000 is impermissible. As a preliminary matter, it is improper to include fees that have not yet accrued at the time of removal in the amount in controversy. "Unlike prospective attorneys' fees, future damages such as lost income relate back to the original injury or harm. In contrast, attorney's fees are in the control of the client and counsel and may be avoided or accrue over years depending on legal strategy." *Foltz v. Integon Nat'l Ins. Co.*, 2014 U.S. Dist. LEXIS 141488, *8 (E.D. Cal. Oct. 2, 2014) (citation omitted). Even were the Court to entertain an estimate of prospective attorneys' fees, Defendant did not submit evidence that $70,000 in fees will accrue for Plaintiff's claims alone, such as an itemized list of attorneys' fees likely to be incurred based on its experience in similar cases. *See Nasiri v. Allstate Indem. Co.*, 2002 WL 1453730, at *1 (9th Cir. Jul. 3, 2002). No evidence whatsoever is submitted to support Defendant's allegation of what attorneys' fees will amount to in this case. Without such evidence, Defendant cannot satisfy their burden of proof that attorneys fees amount to $70,000.

As Defendant's conjecture regarding the amount in controversy for Plaintiff's claims fails to meet the legal certainty standard, the Court cannot exercise diversity jurisdiction over this case.

## II.   CAFA Jurisdiction

Similarly, Defendant fails to prove that the amount in controversy for the putative class is satisfied by a preponderance of the evidence. In a removal jurisdictional dispute, the defendant "has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). In order to demonstrate the amount in controversy, Defendant must submit "summary-judgment-type evidence" relevant to the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197.

Defendant's unsubstantiated assumptions do not meet its burden of proof. Defendant's assumptions resemble the faulty approach taken by the defendant in *Ibarra*. There, the defendant listed "all of its non-exempt employees and their corresponding number of shifts worked in excess of 5 hours and 3.5 hours during the relevant class period." *Id.* at 1198. The defendant calculated that "these employees worked 476,865 shifts of more than 5 hours and 553,027 shifts of more than 3.5 hours during this period" with an "average hourly wage of these employees [of] $11.66." *Id.* The defendant then assumed "that each class member missed one meal break in a 5-hour shift and that each class member missed one rest break in a 3.5-hour shift" in coming to its estimated amount of meal period and rest break penalties. *Id.*

Like the defendant in *Ibarra*, Defendant here makes several assumptions that are purely speculative. For example, Defendant failed to produce any evidentiary support for its claims regarding the number of unpaid overtime hours worked and the number of missed meal and rest periods. *See e.g., Ray v. Nordstrom*, 2011 U.S. Dist. LEXIS 146657, *8-12 (C.D. Cal. 2011) (in applying preponderance of the evidence standard, court found that defendant's assumption that each class member worked one hour of overtime per week, and missed one meal period and one rest period per pay period unsupported by summary judgment type evidence). Defendant merely assumes that all class members worked one hour of unpaid overtime each day that they worked 8 or more hours. Defendant inflates the amount in controversy further by then providing a 30 minute estimate of unpaid overtime for weeks in which the hours worked were 40 or more. Defendant provides no rationale for double counting overtime by providing daily *and* weekly estimates of unpaid overtime. Pursuant to Defendant's logic, there would be 5.5 hours of unpaid overtime in controversy for a class member who worked 5 eight hour days in one week. This is not a conservative calculation at all, nor is it grounded in any summary judgment type evidence.

Similarly, Defendant's estimates regarding meal and rest period violations are unsupported. Defendant presumes a 50% violation rate for meal and rest periods, but provides no rationale or evidence to support this violation rate. Defendant requires the Court to assume not only that a class member working five 8 hour days in a week worked 5.5 hours of overtime off-the-clock, but that the same class member missed 2.5 meal periods and 5 rest periods. These assumptions are arbitrary, unreasonable, and not supported by competent evidence.

Defendant further assumes that all wage statements received by putative class members were inaccurate. Defendant also applies a maximum penalty of 30 days' wages for waiting time penalties. Plaintiff's Complaint does not allege these maximum penalty rates. Plaintiff alleges that Defendant failed to include the accurate total number of hours worked by Plaintiff and the other class members on their wage statements. Moreover, Plaintiff seeks the statutory penalty wages for each day they were not paid, *up to* a thirty (30) day maximum pursuant to California Labor Code section 203. As neither of these statements support Defendant's approach to wage statement and waiting time penalties, and Defendant does not put forward any evidentiary support for maximum penalties in this case, Defendant's calculations are conjecture.

Defendant's assumption that maximum minimum wage penalties are in controversy is also unfounded. Plaintiff's complaint does not put maximum penalties at issue, and therefore Defendant's assumption that all putative class members incurred these penalties every single pay period is impermissibly speculative.

In addition to not providing any support for the violation rates proferred in its removal, Defendant uses questionable methods of calculating the amount in controversy. Defendant uses a fraction of the class period (January 1, 2016 to April 15, 2017) as the basis for numerous calculations. However, Defendant does not explain why it believes this period is representative of the entire four year class period, such that the number of days or weeks worked during that period should be used as a basis for determining the number of days or weeks worked during the four year class period. Nor does Defendant explain why using an average hourly rate of pay from March 17, 2015 through March 17, 2015 should be extrapolated across the four year class period. Defendant's use of the term "potential days" renders its removal ambiguous at best. Indeed, it is unclear how Defendant arrived at certain of its calculations, such as its calculation of waiting time penalties to be $1,427,814, as Defendant fails to set forth the equation it used to arrive at that sum.

Finally, as explained above, Defendant's estimate of attorneys' fees not yet accrued is impermissible. As it is the amount in controversy at the time of removal that governs, Defendant's speculation regarding fees that might be incurred in the future is not permissible. Further, as Defendant's fees calculation is based upon Defendant's deficient calculation of the amount in controversy for unpaid overtime, meal and rest period premiums, minimum wage penalties, waiting time penalties, and wage statement penalties, Defendant's fees calculation is inherently deficient.

The Court cannot base its jurisdiction upon Defendant's unsupported speculation. To conserve both judicial resources and the parties' resources, we request that Defendant withdraw its Notice of Removal. Please inform us by the close of business on **May 10, 2017** as to whether Defendant will agree to do so. If you would like to schedule a time to discuss this matter, please send us your availability immediately. If Defendant will not agree to withdraw its removal, Plaintiff will file a Motion to Remand to State Court under 28 U.S.C. § 1447.

### III.    Rule 26(f) Conference

We write for the additional reason of scheduling the parties' Rule 26(f) conference. Please let us know your availability for this conference to take place within the next seven (7) days. As you are aware, formal discovery cannot commence until after this conference has taken place. Among other items, Plaintiff seeks the production of the contact information for the putative class members and other pre-certification discovery.

### IV.    Local Rule 23-3

Pursuant to Local Rule 23-3, "within 90 days after service of a pleading purporting to commence a class action…the proponent of the class shall file a motion for certification…." We do

not believe the current deadline imposed by L.R. 23-3 is feasible in light of the fact that Plaintiff intends to file a motion to remand if Defendant does not agree to withdraw its removal notice, and in light of Defendant's intention to file a motion to dismiss. The deadline is also impracticable because no discovery can commence until after the Rule 26(f) conference has been held. Plaintiff requires time to conduct reasonable discovery prior to filing his class certification motion, including obtaining the contact information of the putative class members. Accordingly, we request that Defendant stipulate that the Court set the deadline for class certification at the initial scheduling conference after the Court has had the opportunity to review the parties' Rule 26(f) report.

We look forward to receiving your response to each of the items discussed above.

With kind regards,

Jill J. Parker