WESLEY E. STOCKARD *(Admitted Pro Hac Vice)*
wstockard@littler.com
LITTLER MENDELSON, P.C.
3344 Peachtree Road, N.W.
Suite 1500
Atlanta, GA 30326
Telephone: 404.233.0330
Facsimile: 404.233.2361

ELIZABETH STAGGS WILSON, Bar No. 183160
estaggs-wilson@littler.com
HOVANNES G. NALBANDYAN, Bar No. 300364
hnalbandyan@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendant
ANDERSON MERCHANDISERS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS FRANKE; individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANDERSON MERCHANDISERS LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-03241 DSF (AFMx)<br><br>HONORABLE DALE S. FISCHER, COURTROOM 7D<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**[F.R.C.P. 12 (B)(6)]**<br><br>Date: July 10, 2017<br>Time: 1:30 p.m.<br>Ctrm: 7D |

1

**TABLE OF CONTENTS**

2

**PAGE**

3  I.    INTRODUCTION ........................................................................ 1

4  II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................... 2

5  III.  PLAINTIFF'S FAC SHOULD BE DISMISSED FOR FAILURE TO
       MEET FEDERAL PLEADING STANDARDS ................................... 3

6

7        A.    Plaintiff Must Offer Specific Facts In Support Of Her Claims ............... 3

8        B.    Courts Routinely Dismiss Wage And Hour Class Action
             Complaints, Such As Plaintiff's FAC, That Merely State Bare
             Assertions And Conclusory Allegations Without Facts ......................... 4

9
             1.    Plaintiff's FAC Must Be Dismissed Pursuant To Rule
10                12(b)(6) For Failure To Plead Sufficient Facts To State A
                 Claim For Relief. ....................................................... 5
11
             2.    Plaintiff's First Cause Of Action For Unpaid Overtime Fails
12                To Allege Sufficient Facts To State A Claim For Relief. .............. 6

13           3.    Plaintiff's Second And Third Causes Of Action For Meal
                 And Rest Break Violations Must Be Dismissed For Failure
14                To Allege Sufficient Facts To State A Claim For Relief. .............. 8

15           4.    Plaintiff's Fourth Cause Of Action For Unpaid Minimum
                 Wages Must Be Dismissed For Failure To Allege Sufficient
16                Facts To State A Claim For Relief. ................................... 13

17           5.    Plaintiff's Fifth Cause Of Action For Untimely Final Wages
                 Must Be Dismissed For Failure To Allege Sufficient Facts
18                To State A Claim For Relief. .......................................... 14

19           6.    Plaintiff's Sixth Cause Of Action For Untimely Wages
                 During Employment Must Be Dismissed For Failure To
20                Allege Sufficient Facts To State A Claim For Relief. ................ 15

21           7.    Plaintiff's Seventh Cause Of Action For Unreimbursed
                 Business Expenses Must Be Dismissed For Failure To
22                Allege Sufficient Facts To State A Claim For Relief. ................ 16

23           8.    Plaintiff's Eighth Cause Of Action For Violation Of The
                 California Business & Professions Code Section 17200 Et
24                Seq. Fails To Allege Sufficient Facts To State A Claim For
                 Relief. ................................................................. 18
25
         C.    Plaintiff's Claims For Penalties Pursuant To Labor Code Sections
26            226(e) And 2802 Are Time-Barred ...................................... 19

27           1.    Plaintiff's Sixth Cause Of Action Is Time-Barred. ................. 19

28

# TABLE OF CONTENTS

**(CONTINUED)**

PAGE

    2.    Plaintiff's Claim For "Statutory Penalties" Under Labor
Code Section 2802 Is Time-Barred To The Extent Any Such
Penalties Exist......................................................................................21

D.    Plaintiff's Allegations In Her 17200 Claim Regarding Penalty
Claims Are Immaterial And Therefore Must Be Dismissed...................21

IV.    CONCLUSION ..............................................................................................22

LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326.4803
404.233.0330

ii.

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Blockbuster, Inc.*,
No. 210CV00158MCEGGH, 2010 WL 1797249 (E.D. Cal. May 4, 2010) ................................................................................................................ 5, 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................*passim*

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................*passim*

*Blackwell v. SkyWest Airlines, Inc.*,
245 F.R.D. 453 (S.D. Cal. 2007) ......................................................................... 20

*Brown v. Wal-Mart Stores, Inc.*,
No. C 08-5221 SI, 2013 U.S. Dist. LEXIS 55930 (N.D. Cal. Apr. 18, 2013) ............................................................................................................... 12

*Byrd v. Masonite*,
No. EDCV 16-35 JGB (KKX), 2016 WL 756523 (C.D. Cal. Feb 25, 2016) ...........................................................................................................*passim*

*Deleon v. Time Warner Cable LLC*,
No. CV 09-2438 AG RNBX, 2009 WL 9426145 (C.D. Cal. July 17, 2009) ..................................................................................................... 4, 7, 11, 12

*Gonzalez v. Fallanghina*,
LLC, No. CV 16-1832 MEJ, 2016 WL 3951655 (N.D. Cal. July 22, 2016) ............................................................................................................... 12

*Harding v. Time Warner, Inc.*,
No. 09CV1212-WQHWMC, 2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) .............................................................................................................. 5, 15

*Jablon v. Dean Witter & Co.*,
614 F.2d 677 (1980) ............................................................................................. 19

*Landers v. Quality Commc'ns, Inc.*,
771 F.3d 638 (9th Cir. 2014) ................................................................... 7, 8, 13, 14

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

*Lopez v. Wendy's Int'l, Inc.*,
No. CV 11-00275-MMM, 2011 WL 6967932 (C.D. Cal. Sept. 19, 2011) ........................................................................................ 12

*Mitchell v. Sung*,
816 F. Supp. 597 (N.D. Cal. 1993) ........................................... 19

*Renick v. Dun & Bradstreet Receivable Management Services*,
290 F.3d 1055 (9th Cir. 2002) .................................................. 18

*Robles v. Schneider National Carriers, Inc.*,
No. 5:16-CV-02482-JGB-KK (C.D. Cal. Feb. 10, 2017) ................................. 12, 14

*Rodriguez v. QG Printing Corp.*,
No. 5:16-CV-01792-R-SP (C.D. Cal. Feb. 16, 2017) ..................................... *passim*

*Rodriguez v. QG Printing Corp.*,
No. ED CV 16-1792-GHK, 2016 U.S. Dist. LEXIS 144337 (C.D. Cal. Oct. 18, 2016) ........................................................................ 4

*Sasha Ovieda v. Sodexo Operations, LLC*,
No. CV 12-1750-GHK SSX, 2012 WL 1627237 (C.D. Cal. May 7, 2012) ....................................................................................... 5, 17

*Schneider v. Space Systems/Loral Inc.*,
No. C 11-2489 MMC, 2012 WL 476495 (N.D. Cal. Feb. 14, 2012) ............. 5, 6, 14

*Simon v. Eastern Kentucky Welfare Rights Org.*,
426 U.S. 26 (1976) ..................................................................... 20

*Tomlinson v. Indymac Bank*,
359 F. Supp. 2d 891 (C.D. Cal. 2005) ....................................... 22

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007) ....................................... 22

*Weigele v. FedEx Ground Package Sys.*,
No. 06-CV-1330 JLS (POR), 2010 WL 4723673 (S.D. Cal. Nov. 15, 2010) .......................................................................... 11, 12, 14, 18

*Yadira v. Fernandez*,
2011 U.S. Dist. LEXIS 101617 (N.D. Ca. June 14, 2011) .................................. 21

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

ii.

**California Cases**

*Murphy v. Kenneth Cole Productions, Inc.,*
  40 Cal. 4th 1094 (2007) ........................................................................... 20

*Reynolds v. Bement,*
  36 Cal. 4th 1075 (2005) ...................................................................... 20, 21

*Thurman v. Bayshore,*
  203 Cal. App. 4th 1112 (2012) ................................................................ 20

**California Statutes**

California Business & Professions Code
  § 17200 et seq. ................................................................................... 3, 18

California Code of Civil Procedure
  § 340 .......................................................................................................... 20
  § 340(a) .................................................................................... 19, 20, 21

California Labor Code
  § 204 ............................................................................................................. 1
  § 1174(d) .................................................................................................... 1
  § 1197.1 ...................................................................................................... 1
  §§ 201 and 202 ..................................................................................... 3, 14
  § 203 ......................................................................................................... 14
  §§ 204, 1174.5, and 1197.1 .................................................................. 22
  § 226(a) ............................................................................. 1, 3, 20, 22
  § 226(e) ............................................................................................ 19, 20
  § 226.7 ......................................................................................................... 3
  § 512(a) ....................................................................................................... 3
  §§ 510 and 1198 ....................................................................................... 3
  § 1194, 1197 and 1197.1 ....................................................................... 3
  § 2800 ......................................................................................................... 3
  § 2802 .................................................................................... 3, 19, 21, 22

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) .................................. 2, 3, 5, 22

Local Rule 7-3 ............................................................................................... 3

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

# I.    INTRODUCTION

Plaintiff Phyllis Franke's ("Plaintiff") First Amended Complaint does little to address the deficiencies in her original complaint. (*See generally* First Amended Complaint ("FAC") (Dkt. #14). While Plaintiff voluntarily dismissed two causes of action (California Labor Code Sections 204 and 1174(d)) and conceded that she is time-barred from seeking statutory penalties pursuant to California Labor Code Section 1197.1[1], her FAC still suffers from the exact same legal defects as her original complaint.  Once again, the FAC relies on mere recitation of the statutory elements and formulaic conclusions that Defendant violated the law.  Such minimal pleading cannot withstand scrutiny under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("Twombly") and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("Iqbal").

Notably, Plaintiff's counsel has tried this strategy before in *Rodriguez v. QG Printing Corp.*, No. 5:16-CV-01792-R-SP (C.D. Cal. Feb. 16, 2017) (attached as Exhibit B), and it failed.  In that case, following this Court's dismissal of the initial complaint, Plaintiff filed an amended complaint that was virtually identical to the one filed here (the only material differences are the identities of the parties and the fact that in that case plaintiff pled two additional causes of action and pled for slightly different damages for his claimed 226(a) violation). This Court wasted no time rejecting that amended complaint as being deficient under federal pleading standards, as it consisted of nothing more than conclusory statements and parroting of the

---

[1] In her original complaint, Plaintiff pled specific causes of action seeking recovery for alleged violations of California Labor Code Sections 204 and 1174(d) and for penalties pursuant to California Labor Code Sections 204, 1174(d) and 1197.1. Plaintiff dropped these causes of action in her FAC.  Further, despite stray references to these California Labor Code Sections throughout the FAC, Plaintiff's counsel confirmed during the parties' meet and confer concerning this motion that Plaintiff is no longer seeking to recover for alleged violations of California Labor Code Sections 204 or 1174(d) or penalties pursuant to Labor Code Sections 204, 1174(d) and 1197.1. *See* Declaration of Hovannes Nalbandyan in Support of Defendant's Motion to Dismiss ("Nalbandyan Decl.") (attached as Exhibit A), ¶¶ 5-6.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

1  statutory elements of the causes of action.   Once again, rather than accept the

2  instruction this Court gave him in *Rodriguez*, that this form of amended complaint is

3  not acceptable under federal pleadings standards, Plaintiff's counsel has filed a

4  substantially similar FAC.   The result here should be absolutely no different – the

5  FAC is deficient and this Court should dismiss it, *again*.

6         Further, not only does Plaintiff fail to meet the pleading standards set forth in

7  *Iqbal* and *Twombly*, Plaintiff's claims for penalties associated with alleged inaccurate

8  wage statements and unreimbursed business expenses also independently fail because

9  they are barred by the applicable statute of limitations.   Plaintiff had only one year

10 from the termination of her employment to seek statutory penalties.   Plaintiff's

11 employment terminated in September 2015.   Plaintiff, however, filed this action

12 approximately a year and a half after her termination.   She is subsequently barred

13 from pursuing these claims.

14        For these reasons and as discussed more below, Defendant respectfully requests

15 that the Court dismiss Plaintiff's FAC in its entirety and with prejudice pursuant to

16 Rule 12(b)(6) of the Federal Rules of Civil Procedure.

17 **II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

18        Plaintiff worked for Defendant from approximately November 2013 to

19 September of 2015.   (FAC, ¶ 18.)   Plaintiff filed her class action-styled complaint,

20 asserting a variety of wage and hour claims under the California Labor Code[2], on

21 March 17, 2017.   (Compl., (Dkt. # 1-1).)   Defendant removed the case to the Central

22 District of California on April 28, 2017.   (Dkt. #1.)   On May 5, 2017, Defendant filed

23 a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal

24 Rules of Civil Procedure.   (Dkt. #11-1.)   Instead of responding to Defendant's motion

25 to dismiss, Plaintiff filed her FAC on May 15, 2017, asserting eight of the original ten

26 causes of action alleged in her original complaint.

27

28

---

[2] Defendant's references to the Labor Code are to the California Labor Code unless
otherwise indicated.

Plaintiff seeks to represent "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from March 17, 2013 to final judgment." (FAC, ¶ 13.) Specifically, Plaintiff alleges claims for: (1) unpaid overtime wages in violation of Labor Code sections 510 and 1198, (2) meal period violations under Labor Code sections 226.7 and 512(a), (3) rest period violations under Labor Code section 226.7, (4) unpaid minimum wages in violation of Labor Code section 1194, 1197 and 1197.1, (5) final wages not timely paid in violation of Labor Code sections 201 and 202, (6) non-compliant wage statements in violation of Labor Code section 226(a), (7) unreimbursed business expenses in violation of Labor Code sections 2800 and 2802, and (8) violation of California Business & Professions Code section 17200 et seq. (*See generally* FAC.)

Pursuant to Local Rule 7-3, Defendant sent a meet and confer letter to Plaintiff's counsel via email on May 22, 2017, setting forth the grounds for the instant motion. (Nalbandyan Decl., ¶ 4, Exhibits A and B.) The parties subsequently met and conferred telephonically on May 25, 2017. (*Id.*, ¶ 5.) Despite these meet and confer efforts, the parties were unable to reach a resolution of the issues set forth herein, necessitating the filing of the instant motion. (*Id.*)

## III. PLAINTIFF'S FAC SHOULD BE DISMISSED FOR FAILURE TO MEET FEDERAL PLEADING STANDARDS

### A. Plaintiff Must Offer Specific Facts In Support Of Her Claims

The Supreme Court of the United States has explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Such "[f]actual allegations must be enough to raise a right of relief above the speculative level," and plaintiffs must state "enough facts to state a claim for relief

that is plausible on its face." *Id.* at 555, 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court reemphasized the *Twombly* pleading requirements and highlighted the following:

> (1) a pleading offering only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not comply with Fed. R. Civ. P. 8;
>
> (2) Fed. R. Civ. P. 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation . . ."; and
>
> (3) a complaint will not survive a motion to dismiss if it contains merely "naked assertions devoid of further factual enhancement."

Plaintiff's FAC is exactly the type of pleading that the Supreme Court has said cannot survive a motion to dismiss.  It contains only threadbare recitals, conclusions and mere recitations of the elements of the Plaintiff's claims, and, therefore, it must be dismissed.

**B.    Courts Routinely Dismiss Wage And Hour Class Action Complaints, Such As Plaintiff's FAC, That Merely State Bare Assertions And Conclusory Allegations Without Facts**

Courts have increasingly dismissed California class action complaints asserting wage and hour claims that are devoid of factual allegations and instead parrot the statutory elements of the claim. *See Rodriguez v. QG Printing Corp.*, No. ED CV 16-1792-GHK (SPx), 2016 U.S. Dist. LEXIS 144337, at *4-5 (C.D. Cal. Oct. 18, 2016) (granting motion to dismiss because plaintiff's allegations "simply echo[ed] the law and [did] not provide enough factual detail to demonstrate an actual violation"); (Exhibit B) *Rodriguez*, No. 5:16-CV-01792-R-SP at *3-4 (granting motion to dismiss first amended complaint because each of plaintiff's causes of action "contain[ed] no specific facts.  Rather, they [were] simply threadbare recitals of elements of the cause of action accompanied by conclusory statements"); *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG RNBX, 2009 WL 9426145, at *3 (C.D. Cal. July 17, 2009) (dismissing class action complaint asserting wage and hour violations for "slavishly

repeat[ing] the statutory language as to the purported factual allegations); *Harding v. Time Warner, Inc*., No. 09CV1212-WQHWMC, 2009 WL 2575898, at *3-4  (S.D. Cal. Aug. 18, 2009) (dismissing putative class action alleging that the employer "fail[ed] to pay and properly calculate overtime", "keep accurate records of all hours worked by its employees",  and "provide all wages in a compliant manner," among other similarly vague allegations); *Sasha Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750-GHK SSX, 2012 WL 1627237, at *2-4 (C.D. Cal. May 7, 2012) (dismissing wage-and-hour class action for failing to meet *Iqbal* factual pleading standards); *Schneider v. Space Systems/Loral Inc*., No. C 11-2489 MMC, 2012 WL 476495, at *2-3 (N.D. Cal. Feb. 14, 2012) (same); *see also Anderson v. Blockbuster, Inc*., No. 2:10-CV-00158-MCE-GGH, 2010 WL 1797249, at *2-4 (E.D. Cal. May 4, 2010) (dismissing a complaint for California Labor Code violations where the conclusory allegations did not meet minimum pleading requirements).

Plaintiff's FAC fails to meet the minimal pleading standard set forth in *Iqbal* and *Twombly*.  Despite amending her original complaint, Plaintiff has failed to make ***any*** factual averments establishing that her right to relief, or the right to relief of any putative class member, is anything more than speculative.  Consequently, the FAC fails to provide Defendant with the requisite fair notice of what Plaintiff's claims are and the grounds upon which they rest, and should accordingly be dismissed with prejudice. *Twombly*, 550 U.S. at 555.

### 1.    Plaintiff's FAC Must Be Dismissed Pursuant To Rule 12(b)(6) For Failure To Plead Sufficient Facts To State A Claim For Relief.

Plaintiff's FAC is devoid of any specific factual allegations that would "permit the Court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.  The only truly "factual" allegations in the FAC relate to the most basic details—that Plaintiff, a resident of the County of Ventura, was employed by Defendant as a "Retail Merchandiser" from approximately November 2013 to approximately September 2015, and that Defendant has employed and currently employs other non-

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

exempt persons in California.   (FAC, ¶¶ 17, 18, 23.)   These allegations do not establish the plausibility of Plaintiff's claims.

Indeed, despite now having two chances, Plaintiff has not alleged any specific facts establishing that she, let alone each and every non-exempt employee of Defendant in California, is entitled to payments for unpaid overtime, missed meal or rest breaks, unreimbursed business expenses, or the host of other wage and hour violations alleged in the FAC.   Notably, Plaintiff fails to provide an estimate of the number of overtime hours she worked each week, fails to allege her rate of pay, fails to allege how many meal or rest breaks she did not receive or why any particular meal or rest break was not taken, fails to explain why her wage statements allegedly did not contain all hours worked, fails to identify any specific job-related expenses for which she was not reimbursed and the circumstances surrounding such purported non-reimbursement, and fails to state whether or not she was paid any wages at the time of her resignation, when those wages were paid, and what, if anything, was missing from that payment.   In short, Plaintiff entirely fails to provide the factual basis necessary to "nudge[] [her] claims across the line from conceivable to plausible," let alone to do so with respect to the claims of the putative class.   *Twombly*, 550 U.S at 570.

### 2.   Plaintiff's First Cause Of Action For Unpaid Overtime Fails To Allege Sufficient Facts To State A Claim For Relief.

In order to state a plausible cause of action for individual or class-wide unpaid overtime under the Labor Code, Plaintiff must plead facts establishing that she worked overtime and actually earned overtime compensation that Defendant failed to pay. *See Schneider*, 2012 WL 476495 at *2 (dismissing overtime claim where amended complaint failed to set forth "facts setting out the uncompensated hours [plaintiff] worked, or any facts otherwise demonstrating he actually worked overtime"). Conclusory allegations that Plaintiff and class members "worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week [are] insufficient to state a claim." *Id*. (quoting *Anderson*, 2010 WL 1797249 at *2-3);

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1   *see also Deleon*, 2009 WL 9426145 at *3 (granting motion to dismiss where the
2   complaint merely "recite[d] the statutory language setting forth elements of the claim,
3   and then slavishly repeat[ed] the statutory language as to the purported factual
4   allegations").

5       To support her claim for unpaid overtime wages, Plaintiff merely repeats the
6   same deficient language from her original complaint.  Plaintiff then adds the following
7   new allegations:

8   - "[Plaintiff and other class members] perform[ed] work duties off the
9       clock such as undergoing a bag check, responding to business related
10      inquiries, responding to telephone calls, stocking shelves, and
11      building displays." (FAC, ¶ 54; *see generally id*. ¶ 26.)
12  - "Plaintiff and the other class members did not receive overtime
13      compensation at one and one-half times their regular hourly rate of
14      pay for all hours spent performing job duties in excess of eight (8)
15      hours in a day or forty (40) hours in a week or for the first eight (8)
16      hours worked on the seventh day of work." (*Id*. ¶ 55.)

17      These skeletal additions to Plaintiff's FAC do nothing to cure the deficiencies
18  in her original complaint.  As established by the Ninth Circuit, a complaint asserting a
19  wage and hour claim must "allege facts demonstrating that there was at least one
20  workweek in which [plaintiffs] worked in excess of forty hours and were not paid"
21  wages. *Landers v. Quality Commc'ns, Inc.,* 771 F.3d 638, 646 (9th Cir. 2014).
22  Although Plaintiff is not required to allege the amount of overtime owed "with
23  mathematical precision," she is required to provide "sufficient detail about the length
24  and frequency of [her] unpaid work to support a reasonable inference that [she]
25  worked more than forty hours in a given week."  *See Id*. (*quoting Nakahata v. New
26  York-Presbyterian Healthcare Sys*., 723 F.3d 192, 201 (2d Cir. 2013); *see also Byrd v.
27  Masonite,* No. EDCV 16-35 JGB (KKX), 2016 WL 756523, at *3 (C.D. Cal. Feb 25,
28  2016) (dismissing overtime claim where the plaintiff failed to "allege his rate of pay,

estimate how much overtime he was entitled to but did not receive, nor allege whether this occurred on a consistent basis" and failed to "allege the basis for his knowledge and belief that other [employees of defendant] worked shifts in excess of eight hours and/or forty hours without adequate compensation").

Plaintiff's FAC suffers from the same defects that resulted in dismissal of the overtime claims in *Rodriguez*, *Landers* and *Byrd*.  Notably, Plaintiff "provides not a single date or week in which [she] worked more than eight or forty hours, not a single paycheck which was lacking overtime compensation, and not a single fact indicating how many times this failure to pay overtime occurred."  (Exhibit B) *Rodriguez*, No. 5:16-CV-01792-R-SP at *3.  Because Plaintiff's First Cause of Action for unpaid overtime does nothing more than provide "'naked assertion[s]' devoid of 'further factual enhancement'" it fails to meet the pleading standard set forth in *Iqbal* and *Twombly*.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.  Accordingly, Plaintiff's First Cause of Action fails to set forth a cognizable claim upon which relief may be granted and should be dismissed with prejudice.

> **3.    Plaintiff's Second And Third Causes Of Action For Meal And Rest Break Violations Must Be Dismissed For Failure To Allege Sufficient Facts To State A Claim For Relief.**

As with her original deficient complaint, the allegations in Plaintiff's FAC in support of her meal and rest break claims merely parrot the statutory elements. Plaintiff's FAC adds only the following new and insufficient allegations with respect to her meal period claim:

- "Defendants failed to relieve Plaintiff and other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and other class members a reasonable opportunity to take, and impeded or discouraged them from taking, thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasing at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal

1  |  breaks no later than their tenth hour of work for shifts lasting more
2  |  than ten (10) hours." (FAC, ¶ 28; *see id*. ¶ 66.)

3  |  - "Plaintiff is informed and believes, and based thereon alleges, that
4  |  Defendants knew or should have known that Plaintiff and the other
5  |  class members were entitled to receive all meal periods or payment of
6  |  one additional hour of pay at Plaintiff's and the other class member's
7  |  regular rate of pay when a meal period was missed, missed [sic],
8  |  shortened, late, and/or interrupted, and they did not receive all meal
9  |  periods of payment of one additional hour of pay at Plaintiff's and the
10 |  other class member's regular rate of pay when a meal period was
11 |  missed, missed [sic], shortened, late, and/or interrupted." (*Id*, ¶ 29.)

12 |  - "During the relevant time period, Plaintiff's and the other class
13 |  members' meal periods were missed, shortened, taken late, and/or
14 |  interrupted because Defendant required them to perform work duties
15 |  including but not limited to undergoing a bag check, responding to
16 |  business related inquiries, responding to telephone calls, stocking
17 |  shelves, and building displays." (*Id*. ¶ 65.)

18 |  These allegations amount to nothing more than a claim that "this is the law, and
19 |  Defendant violated it." They tell neither the Court nor Defendant anything about how
20 |  these alleged meal break violations happened, how often they occurred, who was
21 |  responsible, etc. They do not offer Defendant a starting point in terms of preparing its
22 |  defense to such a claim. *See Byrd v. Masonite,* 2016 WL 756523 at *2 (C.D. Cal. Feb
23 |  25, 2016) (stating that the "Ninth Circuit has clarified that (1) a complaint must
24 |  'contain sufficient allegations of underlying facts to give fair notice and to enable the
25 |  opposing party to defend itself effectively'") (citations omitted).

26 |  With respect to her rest period claim, Plaintiff's FAC adds only the following
27 |  conclusory allegations:

28 |  - "During the relevant time period, Plaintiff and the other class

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

members' rest periods were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties including but not limited to undergoing a bag check, responding to business related inquiries, responding to telephone calls, stocking shelves, and building displays." (*Id.* ¶ 76.)

- "As a result, Defendants failed to provide, authorize, or permit Plaintiffs and the other class members to take a full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3 1/2) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) hours to fourteen (14) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period." (*Id.* ¶ 78; *see generally id.* ¶ 30.)

- "During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods." (*Id.* ¶ 77, 79.)

Again, these allegations simply state what the law is and that it was violated. They do not offer any insight into how or how often the alleged rest break violations happened or who was responsible – and that is the subject matter Defendant needs to be put on notice of the nature of the claim in order to have a fair opportunity to defend against it. While Plaintiff generically identifies a list of alleged activities Plaintiff was asked to perform, her allegations do not explain how those activities led to missed meal or rest breaks, and those activities do not in and of themselves make it plausible that a meal or rest break violation occurred.

Less than four months ago this Court already held that such threadbare recitals and conclusory allegations by the same counsel in the exact same format are

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

10.

1   insufficient to state a claim for relief.  *See* (Exhibit B) *Rodriguez*, No. 5:16-CV-
2   01792-R-SP at *3 (stating that plaintiff's allegations "that meal periods were 'missed,
3   short, late and/or interrupted because Defendants required them to perform work
4   duties' before vaguely referencing generic tasks and conclud[ing] by stating the
5   conduct violates the law" are "threadbare recitals of elements of the cause of action
6   accompanied by conclusory statements" that are "insufficient to state a claim for
7   relief").  There should be no different result here, and Plaintiff's amended meal and
8   rest break violation claims should be dismissed.

9        Similarly, in *Deleon,* the plaintiff alleged that "Defendants required Plaintiff
10  and class members to work during meal periods" and "Defendants required Plaintiff
11  and class members to work during rest periods."  *Deleon*, 2009 WL 9426145 at *3.
12  Again, this Court found these allegations plus a recitation of statutory language
13  insufficient to survive a motion to dismiss.  *Id*. at *3-4.  Further, in *Weigele v. FedEx*
14  *Ground Package Sys*., No. 06-CV-1330 JLS (POR), 2010 WL 4723673 (S.D. Cal.
15  Nov. 15, 2010) ("Weigele"), the court dismissed the plaintiffs' meal period claim for
16  failure to allege sufficient facts where the plaintiffs merely mimicked the statutory
17  elements by alleging:

18               Defendant required Plaintiffs to work . . . without being given a 30-
19               minute meal period for shifts of at least five hours and second 30-
20               minute meal periods for shifts of at least ten hours during which
21               Plaintiffs were relieved of all duties and free to leave the premises,
22               nor did Defendant pay any Plaintiffs [*sic*] one hour's pay at the
23               employee's regular rate of pay as premium pay compensation for
24               failure to provide . . . meal periods.

25  *Weigele*, 2010 WL 4723673 at *4.  The *Weigele* court also dismissed the plaintiffs'
26  rest period claim, where the complaint merely alleged:

27               Defendant required Plaintiffs to work without being given paid ten
28               minute rest periods for every four hours or major fraction thereof

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

11.

1          worked . . . nor did Defendant pay any Plaintiffs [sic] one hour's pay

2          at the employee's regular rate of pay as premium pay compensation

3          for failure to provide rest . . . periods. Defendant's conduct violated

4          the applicable Wage Orders and Labor Code section 226.7.

5    *Id*. at *4-5.

6       Here, the allegations in Plaintiff's FAC suffer from the same lack of factual

7    detail that warranted dismissal of the meal and rest period claims in *Rodriguez*,

8    *Deleon* and *Weigele.  See also Brown v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI,

9    2013 U.S. Dist. LEXIS 55930, at *14 (N.D. Cal. Apr. 18, 2013) (finding that plaintiffs

10   failed to plead sufficient facts to state a claim for violation of California's meal and

11   rest break requirements where plaintiffs alleged their employer "pressured,

12   incentivized, and discouraged" them from taking meals breaks but failed to "provide

13   *any* facts surrounding these alleged tactics"); *Lopez v. Wendy's Int'l, Inc.*, No. CV 11-

14   00275-MMM (JCx), 2011 WL 6967932, at *6 (C.D. Cal. Sept. 19, 2011) (dismissing

15   meal break violation claims stating, "[a]n employer at a busy restaurant who insists

16   that employees complete assigned tasks does not, without more, impede, discourage,

17   or dissuade employees from taking meal breaks and rest periods"); *Gonzalez v.*

18   *Fallanghina*, LLC, No. CV 16-1832 MEJ, 2016 WL 3951655, at *6 (N.D. Cal. July

19   22, 2016) (dismissing meal break claims because allegations failed to plead specific

20   facts about what instructions plaintiff was given, and by whom, that would have

21   prevented plaintiff from taking meal breaks); *Robles v. Schneider National Carriers,*

22   *Inc.*, No. 5:16-CV-02482-JGB-KK, at *4-5 (C.D. Cal. Feb. 10, 2017) (attached as

23   Exhibit C) (dismissing rest break claim because "there are no factual allegations that

24   Defendant actually required – or even encouraged – class members to skip

25   breaks…without more factual context, it is unclear how Defendant 'failed' to provide

26   these rest periods[.]… Here, there is nothing to indicate that Plaintiff's failure to take

27   break is attributable to Defendant's policies or practices, rather than his own

28   idiosyncratic decisions").  Just like the plaintiffs in those cases, Plaintiff fails to allege

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

any facts whatsoever to support her conclusory assertion that there was a common policy or practice that deprived Plaintiff and the putative class members of their meal and rest periods.  Indeed, Plaintiff fails to identify any actual instances where she, much less any other member of the putative class, was denied a meal period or rest break.  *See Byrd*, 2016 WL 756523 at *3 (holding that the plaintiff failed to state a claim for unpaid meal and rest period premiums where "[n]owhere in the Complaint does Plaintiff identify a specific instance in which he was denied . . . a meal period or rest break").  Accordingly, Plaintiff's Second and Third Causes of Action for unpaid meal and rest period premiums should be dismissed for failure to allege sufficient facts to state a claim for relief.

> **4.   Plaintiff's Fourth Cause Of Action For Unpaid Minimum Wages Must Be Dismissed For Failure To Allege Sufficient Facts To State A Claim For Relief.**

Plaintiff's FAC does nothing to remedy the deficiencies in her original complaint that relied on generalized and conclusory statements that failed to satisfy the clear pleading standard enunciated in *Landers*.  *See Landers*, 771 F.3d at 645.  This is fatal to Plaintiff's minimum wage claim.  Instead, Plaintiff compounds the problem by adding the following generic allegations in her FAC:

- "Defendant's failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off the clock performing work duties."  (FAC, ¶ 85; *see also id*. at ¶ 32.)

As with her meal and rest break claims, these allegations are generic and lack any factual support.  Plaintiff's allegations provide no explanation of what off-the-clock "work duties" Plaintiff is referring to in these allegations, and fail to set forth any facts plausibly suggesting that Defendant directed, required or instructed any off-the-clock work.  Moreover, while the FAC now generically refers to "work duties," it fails to allege any facts as to what work duties were performed, when or where that occurred, or how it resulted in compensable time for Plaintiff or any other class

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13.

1   member.  Once again, Plaintiff alleges nothing but generic, non-descriptive buzzwords

2   that could be alleged by any plaintiff working in any type of position against any

3   employer.  *See e.g.* (Exhibit C) *Robles*, No. 5:16-CV-02482-JGB-KK at *6-7

4   (plaintiff's minimum wage allegations, including those that class members "were

5   regularly required to work, and did in fact work, uncompensated time, time

6   compensated at less than minimum wage" could not be distinguished from the

7   inadequate pleading in *Landers*, where plaintiff "does not explain how or why" the

8   defendant's alleged unlawful conduct "caused uncompensated time").  Plaintiff's

9   counsel tried this strategy at least once before, and it failed.   *See* (Exhibit B)

10  *Rodriguez*, No. 5:16-CV-01792-R-SP at *2-4.  Accordingly, Plaintiff's Fourth Cause

11  of Action should accordingly be dismissed.

12          **5.      Plaintiff's Fifth Cause Of Action For Untimely Final Wages
                      Must Be Dismissed For Failure To Allege Sufficient Facts To**

13                    **State A Claim For Relief.**

14          Plaintiff's waiting-time claim under Labor Code Sections 201, 202 and 203

15  hinges on her overtime, minimum wage, and meal and rest break claims.  (FAC, ¶¶

16  33, 88.)  The allegations asserting those claims are entirely deficient, as discussed

17  above.  Further, as with her allegations in support of those claims, Plaintiff's waiting-

18  time claim allegations consist of nothing more than regurgitation of the statutory

19  elements and rely on conclusory allegations *devoid of any* factual detail.  Plaintiff's

20  threadbare recitals of the elements of this claim cannot survive a motion to dismiss.

21  *See Byrd*, 2016 WL 756523 at *3 (dismissing plaintiff's claim for unpaid final wages

22  where the plaintiff failed to "allege what final wages he was owed upon leaving

23  Defendants' employ"); *See Weigele*, 2010 WL 4723673 at *4 (court found insufficient

24  allegation that "Defendant . . . willfully failed and refused, and continues to fail and

25  refuse to pay wages promptly when due upon termination of employment to each of

26  the Plaintiffs"); *Schneider*, 2012 WL 476495 at *3 (same).  This Court already held

27  such threadbare recitals and conclusory allegations by the same counsel are

28  insufficient to state a claim for relief.  *See* (Exhibit B) *Rodriguez*, No. 5:16-CV-

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

14.

01792-R-SP at *2-4.  There should be no different result here, and Plaintiff's Fifth Cause of Action should accordingly be dismissed.

### 6.   Plaintiff's Sixth Cause Of Action For Untimely Wages During Employment Must Be Dismissed For Failure To Allege Sufficient Facts To State A Claim For Relief.

Plaintiff supports her inaccurate wage statement claim with conclusory allegations that courts have repeatedly found insufficient and dismissed.  *See Harding*, 2009 WL 2575898 at *3-4 (dismissing claim alleging defendant failed to "provide accurate Itemized Wage Statements").  Plaintiff's limited allegations in this claim are substantially identical to the deficient allegations in her original complaint.  Indeed, with respect to her Sixth Cause of Action, Plaintiff's FAC adds only the following allegations:

- "Because Plaintiffs and the putative class members' wage statements did not reflect the accurate total number of regular and hours worked, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount.  In order to determine how much Plaintiffs and the putative class members should have been paid, Plaintiffs and the putative class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information."  (FAC, ¶ 97.)

- The deficiencies included the failure to include "the accurate total amount of wages earned by Plaintiff and the other class members." (*Id*. ¶ 35.)

- "Defendants' failure included, *inter alia*, the failure to keep accurate records of the hours worked by Plaintiff and the other class members." (*Id*. ¶ 36.)

Again, Plaintiff fails to "identify a single deficient wage statement," *see Byrd*,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

15.

2016 WL 756523 at *3, or set forth any specific factual allegations that would establish a plausible entitlement to relief.  And, as shown above, Plaintiff has not plead any facts to demonstrate that Defendant failed to properly compensate Plaintiff for all time worked, thus, Plaintiff cannot sustain a derivative wage statement claim by simply reciting that Defendant failed to provide "the accurate total number of regular and hours worked" and that Plaintiff and the putative class was unable to "verify they were paid the proper amount."  (FAC, ¶ 97.)  Plaintiff's counsel tried this strategy at least once before, and it failed. *See* (Exhibit B) *Rodriguez*, No. 5:16-CV-01792-R-SP at *2-4.  There should be no different result here, and Plaintiff's wage statement claim should be dismissed.

### 7. Plaintiff's Seventh Cause Of Action For Unreimbursed Business Expenses Must Be Dismissed For Failure To Allege Sufficient Facts To State A Claim For Relief.

Plaintiff's attempt to cure the defects in her unreimbursed business expenses claim in the original complaint by adding the following to her FAC falls short:

- "Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including but not limited to the use of personal phones for business-related purposes, costs incurred to comply with Defendants' dress code, and costs incurred using their personal vehicles for work travel.  (FAC, ¶ 105.)

While Plaintiff identifies three vague types of "costs" that may have been incurred during her work with Defendant, she does not provide any allegations explaining why such costs were incurred and not reimbursed, nor does she identify any particular incident in which such costs were not reimbursed or how much reimbursement she claims is owed.  In other words, notably missing from Plaintiff's FAC are any specific allegations setting forth "what, if any, business-related expenses [sh]e incurred during [her] employment that [Defendant] did not fully reimburse." *Byrd,* 2016 WL 756523 at * 3.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

In **almost identical fashion**, the plaintiff in *Rodriguez* alleged that he and the other class members "incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants including, but not limited to, the costs of purchasing protective footwear, the costs of providing tools, and the use of personal vehicles for business-related travel."   First Amended Class Action Complaint For Damages at ¶ 119, *Rodriguez v. QC Printing Corp.,* (Dkt. # 34. No. 5:16-CV-01792-GHK (SPx) (C.D. Cal. Nov. 8, 2016) (attached as Exhibit D).   This Court held that such allegations were insufficient and provided no basis for the court to conclude that it was plausible the defendants were liable for the alleged violation.   (Exhibit B) *Rodriguez*, No. 5:16-CV-01792-R-SP at *3-4.

Similarly, in *Ovieda*, the plaintiff alleged the defendants were "required to provide uniforms and equipment to their employees free of charge," and that "[d]uring the course of Plaintiff's employment, Defendants, pursuant to their policies and procedures, charged their employees for uniforms and equipment."   *Ovieda*, 2012 WL 1627237 at *2.   As a result, the plaintiff alleged she "suffered, and continues to suffer, substantial losses."   *Id*.   This Court concluded these allegations failed to state a claim for relief.   Specifically, the *Ovieda* court noted, "with respect to this claim, Plaintiff never explicitly alleges that she herself was charged for a uniform or equipment, let alone that her job duties required her to wear a uniform or use specific equipment."   *Id*. Here, just like in those cases, Plaintiff makes vague references to "personal phones," "dress code" costs, and "costs incurred using [ ] personal vehicles" (*see* FAC, ¶ 105), but fails to allege these items were required as part of her job duties (much less as part of the job duties for all non-exempt employees working in California), or to identify any specific instances where she purchased any of these items as part of her job duties but was not reimbursed by Defendant.   Accordingly, Plaintiff's Seventh Cause of Action should be dismissed for failure to state a claim for relief.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

17.

**8.**   **Plaintiff's Eighth Cause Of Action For Violation Of The California Business & Professions Code Section 17200 Et Seq. Fails To Allege Sufficient Facts To State A Claim For Relief.**

Plaintiff's claim for violation of the California Business & Professions Code Section 17200, et seq., is predicated on Plaintiff's First through Seventh Causes of Action.  (*See* FAC, ¶¶ 107-113.)  Because Plaintiff fails to sufficiently plead her First through Seventh Causes of Action as discussed above, her Eighth Cause of Action is also subject to dismissal for conclusory allegations that do not meet the minimum pleading requirement.  *Renick v. Dun & Bradstreet Receivable Management Services,* 290 F.3d 1055, 1058 (9th Cir. 2002) (a violation of California Business and Professions Code section 17200 *et seq.* generally requires the plaintiff establish a violation of an underlying statute).

At its core, Plaintiff's FAC alleges nothing more than the fact that Plaintiff worked for Defendant in some capacity and her assertion that Defendant violated wage and hour laws.  In *Anderson v. Blockbuster Inc.*, *supra*, the court similarly dismissed an unfair competition claim that derived from violations of California Labor Code provisions where the complaint merely parroted the statutory language for each purported claim.  *Anderson*, 2010 WL 1797249 at *1-3 (holding that plaintiff must plead sufficient factual content to allow the court to make a reasonable inference that defendant is liable for the claims alleged by plaintiffs); *see also Weigele*, 2010 WL 4723673 at *5 n. 4 (dismissing plaintiffs' labor code claims for failure to plead sufficient factual allegations and noting that "[b]ecause Plaintiffs' unfair competition claim derives from their overtime claims and meal and rest period claims, the unfair competition claim fails if the other claims fail").  As in *Anderson*, Plaintiff has failed to plead sufficient facts to establish entitlement to relief on any of her claims for alleged violations of the California Labor Code.  Plaintiff's counsel tried this strategy at least once before, and it failed.  *See* (Exhibit B) *Rodriguez*, No. 5:16-CV-01792-R-SP at *2-4.  Accordingly, Plaintiff's Eighth Cause of Action for unfair competition should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

### C. Plaintiff's Claims For Penalties Pursuant To Labor Code Sections 226(e) And 2802 Are Time-Barred

A claim for penalties is subject to a one-year statute of limitations under California Code of Civil Procedure section 340(a).  Cal. Code Civ. Proc. § 340(a) ("[w]ithin one year: (a) An action upon a statute for a penalty or forfeiture, if the action is given to an individual . . . except if the statute imposing it prescribes a different limitation.").  This one-year statute of limitations applies to Plaintiff's claim for penalties for alleged inaccurate wage statements (FAC, ¶¶ 94-102) and unreimbursed business expenses (FAC, ¶¶ 103-106).

Plaintiff is time-barred from asserting these claims since her employment with Defendant terminated in September 2015.  (*See* FAC, ¶ 18 ("Defendants . . . employed Plaintiff . . . from approximately November 2013 to approximately September 2015").)  To satisfy the statute of limitations, Plaintiff had to bring her claim for penalties by September 2016, which she did not.  Plaintiff filed her claim for penalties for the first time on March 17, 2017 — approximately a year and a half after her employment terminated.  Accordingly, allegations related to Plaintiff's claims for penalties for alleged inaccurate wage statements and unreimbursed business expenses must be dismissed. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (1980) (complaint fails to state a claim where the action is time-barred based upon the facts asserted); *see also Mitchell v. Sung*, 816 F. Supp. 597, 602 (N.D. Cal. 1993) (courts may dismiss claims that are barred by the statute of limitations).  Moreover, Plaintiff's defective claims for penalties cannot be saved by amendment, and should therefore be dismissed with prejudice.

#### 1. Plaintiff's Sixth Cause Of Action Is Time-Barred.

Plaintiff's Sixth Cause of Action for inaccurate earnings statements seeks *statutory penalties* on behalf of putative class members and *"actual damages"* on *behalf of Plaintiff*. (FAC, ¶¶ 100-101.)  Plaintiff, however, cannot state a claim for statutory penalties on behalf of herself or anyone else because Plaintiff has no

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

19.

1   standing to prosecute a claim for statutory penalties.  Again, the statute of limitations

2   for a Labor Code Section 226(a) penalty claim is one year.  Cal. Code Civ. Pro. § 340

3   (one-year statute of limitations govern claims for penalties); *see also Murphy v.*

4   *Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1118 n. 16 (2007) (claim for

5   itemized wage statement violations are governed by a one-year statute of limitations);

6   *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007) ("Recovery

7   under § 226(a) constitutes a penalty and is therefore governed by a one-year statute of

8   limitations under California Code of Civil Procedure § 340(a).")   Consequently,

9   Plaintiff is time-barred from prosecuting a claim for statutory pay stub penalties.

10  Because Plaintiff has no claim for statutory pay stub penalties, she lacks standing to

11  prosecute a claim for penalties on behalf of the proposed class.  *Simon v. Eastern*

12  *Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n. 20 (1976) ("That a suit may be a

13  class action, however, adds nothing to the question of standing, for even named

14  plaintiffs who represent a class 'must allege and show that they personally have been

15  injured, not that injury has been suffered by other, unidentified members of the class

16  to which they belong and which they purport to represent.'").

17       Plaintiff attempts to plead around the applicable one-year statute of limitations

18  by (1) seeking "actual damages" rather than the minimum statutory penalties pursuant

19  to Labor Code section 226(e), and (2) asserting that a claim for "actual damages" is

20  subject to a three-year statute of limitations.   However, the recovery of "actual

21  damages" is part of, rather than in addition to, the civil penalty provided for in section

22  226.  Section 226 expresses how penalties are calculated: by either statutory minimum

23  penalties as discussed above, or penalties based on the amount of actual damages

24  suffered.  Cal. Lab. Code § 226(e).    In either case, the statute of limitations is still

25  one year.

26       In the analogous case of *Thurman v. Bayshore,* 203 Cal. App. 4th 1112 (2012),

27  addressing damages under section 558(a), the court followed the California Supreme

28  Court's decision in *Reynolds v. Bement*, 36 Cal. 4th 1075 (2005), holding that section

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

20.

558 "is more reasonably construed as providing a civil penalty that consists of both the $50 or $100 penalty amount and any underpaid wages." Thus, both the delineated penalty and the "underpaid" wages the plaintiff could recover were treated jointly as one civil penalty. Similarly, in *Yadira v. Fernandez*, 2011 U.S. Dist. LEXIS 101617 (N.D. Ca. June 14, 2011), the court held, [t]he *Reynolds* decision indicates that unpaid wages under [section] 558 are part of the civil penalty recoverable under PAGA. *Id.* at *6. "It does not matter that [section] 558's penalty includes unpaid wages – both the statute and *Reynolds* define [section] 558's remedy as a penalty, which is the very reason that it is recoverable under PAGA." *Id.* at *7. Accordingly, the *Yadira* court held that the unpaid wages penalty found in Section 558 does not provide for a year of recovery in addition to the recovery provided by other statutes. *Id.* at *8.

Section 226 should be similarly construed as a penalty-only statute. Indeed, the legislature placed a maximum aggregate penalty on section 226 and Plaintiff's recovery cannot exceed this $4,000 cap. As such, Plaintiff has no standing to prosecute her sixth claim for relief – whether based on statutory minimum penalties or "actual damages" penalties – because it is time-barred.

> ### 2. Plaintiff's Claim For "Statutory Penalties" Under Labor Code Section 2802 Is Time-Barred To The Extent Any Such Penalties Exist.

Plaintiff prays for the recovery of "statutory penalties" in her Seventh Cause of Action for violation of Labor Code section 2802. (FAC, Prayer for Relief ¶ 50.) As previously noted, a claim for penalties is subject to a one-year statute of limitations. *See* Cal. Code Civ. Proc. § 340(a). Because Plaintiff did not assert this claim within one year of the termination of her employment, her claim for "statutory penalties" under Labor Code Section 2802 is barred by the statute of limitations, and this claim for penalties must be dismissed with prejudice.

> ### D. Plaintiff's Allegations In Her 17200 Claim Regarding Penalty Claims Are Immaterial And Therefore Must Be Dismissed

Plaintiff's Eighth Cause of Action for Unfair Business Practices contains

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1   references to the penalty provisions of the Labor Code, including sections 204, 226(a),
2   1174(d), 2802 and 1197.1. (FAC, ¶ 110.)  However, a section 17200 claim cannot be
3   based upon penalty statutes such as Labor Code Sections 204, 1174.5, and 1197.1. *In*
4   *re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 619 (N.D. Cal.
5   2007) (dismissing section 17200 claim at pleading stage because penalty claims
6   cannot form basis of section 17200 claim); *Tomlinson v. Indymac Bank*, 359 F. Supp.
7   2d 891, 895, 898 (C.D. Cal. 2005) (granting judgment on the pleadings on grounds
8   penalty claims cannot be raised through a section 17200 claim; also, because penalties
9   are not restitutionary, they cannot be recovered under section 17200).  Accordingly,
10  these allegations are immaterial to any claim for relief, and must be dismissed from
11  the Complaint.

12  **IV.    CONCLUSION**

13          For all of the reasons set forth herein, Defendant respectfully requests the Court
14  grant this motion and dismiss Plaintiff's FAC, and each and every cause of action
15  therein, for failure to state a claim upon which relief may be granted pursuant to Rule
16  12(b)(6).  Because Plaintiff has now twice failed to demonstrate to this Court that she
17  is in possession of facts supporting her claims against Defendant, Plaintiff must not be
18  permitted leave to amend her FAC, as to do so would be futile.  In addition, Plaintiff's
19  claims for penalties for inaccurate wage statements and unreimbursed business
20  expenses independently fail and must be dismissed with prejudice because they are
21  barred by the applicable statute of limitations.

22

23  Dated:   May 30, 2017                    */s/* Elizabeth Staggs Wilson
24                                            ELIZABETH STAGGS WILSON
                                              HOVANNES G. NALBANDYAN
25                                            WESLEY E. STOCKARD
                                              LITTLER MENDELSON, P.C.
26                                            Attorneys for Defendant
                                              ANDERSON MERCHANDISERS LLC
27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

22.

# EXHIBIT A

## Declaration of Hovannes G. Nalbandyan

1  WESLEY E. STOCKARD *(Admitted Pro Hac Vice)*
   wstockard@littler.com
2  LITTLER MENDELSON, P.C.
   3344 Peachtree Road, N.W.
3  Suite 1500
   Atlanta, GA  30326
4  Telephone:  404.233.0330
   Facsimile:   404.233.2361
5

6  ELIZABETH STAGGS WILSON, Bar No. 183160
   estaggs-wilson@littler.com
7  HOVANNES G. NALBANDYAN, Bar No. 300364
   hnalbandyan@littler.com
8  LITTLER MENDELSON, P.C.
   633 West 5th Street
9  63rd Floor
   Los Angeles, CA  90071
10 Telephone:  213.443.4300
   Facsimile:   213.443.4299
11

12 Attorneys for Defendant
   ANDERSON MERCHANDISERS LLC

13                 UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15

16 PHYLLIS FRANKE; individually, and      Case No.  2:17-cv-03241 DSF (AFMx)
   on behalf of other members of the
17 general public similarly situated,       HONORABLE DALE S. FISCHER,
                                            COURTROOM 7D
18                      Plaintiff,
                                            **DECLARATION OF HOVANNES**
19 v.                                       **G. NALBANDYAN IN SUPPORT OF**
                                            **DEFENDANT'S MOTION TO**
20 ANDERSON MERCHANDISERS            **DISMISS PLAINTIFF'S FIRST**
   LLC, an unknown business entity; and    **AMENDED COMPLAINT FOR**
21 DOES 1 through 100, inclusive,           **FAILURE TO STATE A CLAIM**

22                      Defendants.          Date:   July 10, 2017
                                             Time:  1:30 p.m.
23                                           Ctrm:  7D

24                                           Complaint Filed:  March 17, 2017

25

26

27

28

I, HOVANNES G. NALBANDYAN, declare as follows:

1.      I am an attorney admitted to practice in the State of California and am an Associate in the law firm of Littler Mendelson, a Professional Corporation, counsel of record for Defendant ANDERSON MERCHANDISERS LLC ("Defendant") in the above-entitled matter.  I am licensed to practice law in the State of California and before the United States District Court for the Central District of California. I make this Declaration in support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim.  All of the information set forth herein is based on personal and firsthand knowledge, or on information and documents retained by our firm in the regular course of its business operations, and if called and sworn as a witness, I could and would competently testify thereto.

2.      On May 15, 2017, Plaintiff Phyllis Franke ("Plaintiff") filed a First Amended Complaint. **(Dkt. #14).**

3.      On May 22, 2017, Defendant filed a Notice of Appearance, so that I may appear in the above-entitled matter. **(Dkt. #18).**

4.      On May 22, 2017, pursuant to Local Rule 7-3, I sent a meet and confer letter by e-mail to Plaintiff's counsel of record, Jill J. Parker, setting forth the grounds for Defendant's potential motion to dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6).  True and correct copies of my May 22, 2017 letter and e-mail correspondence to Ms. Parker are attached hereto as **Exhibit 1** and **Exhibit 2,** respectively.

5.      On May 25, 2017, I telephonically met and conferred with Ms. Parker to further discuss Defendant's potential motion to dismiss.  During the call, Plaintiff's counsel confirmed that Plaintiff did not intend to seek penalties under California Labor Code sections 204, 1174(d) and 1197.1.  Ms. Parker also confirmed that Plaintiff removed her causes of action brought pursuant to California Labor Code sections 204 and 1174(d) from her First Amended Complaint. Plaintiff took the position that she had pleaded sufficient facts to survive a motion for dismiss.

Defendant took the position that Plaintiff has not met her pleadings obligations under *Twombly* and *Ashcroft*. Ultimately, the parties were unable to reach a resolution that would avoid the necessity of filing the instant motion.

6. On May 25, 2017, immediately following the above-mentioned telephone conference, I received an e-mail correspondence from Ms. Parker confirming that Plaintiff did not intend to seek penalties under California Labor Code sections 204, 1174(d) and 1197.1. The e-mail also confirmed that Plaintiff removed her causes of action brought pursuant to California Labor Code sections 204 and 1174(d) from her First Amended Complaint. A true and correct copy of Ms. Parker's May 25, 2017 e-mail correspondence is attached hereto as **Exhibit 3**.

7. Shortly thereafter, I responded to Ms. Parker's e-mail correspondence and confirmed that the parties were unable to reach a resolution. I informed Ms. Parker that Defendant would proceed to file its motion. A true and correct copy of my response e-mail correspondence to Ms. Parker's e-mail is attached hereto as **Exhibit 4**.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this <u>30th</u> day of May, 2017, at Los Angeles, California.

HOVANNES G. NALBANDYAN

EXHIBIT 1



**Littler Mendelson, P.C.**
633 West 5th Street
63rd Floor
Los Angeles, CA  90071

Hovannes G. Nalbandyan
Associate
310.712.7328 direct
213.443.4300 main
21394713 fax
hnalbandyan@littler.com

May 22, 2017

**VIA E-MAIL: LFJ@LFJPC.COM; JILL@LFJPC.COM**

Edwin Aiwazian
Jill J. Parker
**Lawyers for Justice, PC**
410 West Arden Ave, Suite 203
Glendale, CA 91203

<u>**Re:     Franke v. Andersons Merchandisers, LLC**</u>
**Case No: 2:17-cv-03241 DSF (AFMx)**

Dear Counsel:

As you know, my office represents Defendant Anderson Merchandisers, LLC ("Defendant") in the above referenced matter.  Pursuant to Local Rule 7-3 of the United States District Court for the Central District of California, this letter serves as Defendant's attempt to engage in a pre-filing conference of the parties.  Specifically, Defendant intends to file a motion to dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure, Rule 12(b)(6), challenging the sufficiency of all Plaintiff's causes of action.

Plaintiff has alleged numerous claims for violations of the California Labor Code, including claims for failure to pay meal and rest break premiums, failure to pay minimum wages and wages for all hours worked, failure to pay timely final wages, failure to provide accurate wage statements, failure to reimburse necessary expenditures, and violation of California's unfair competition law.  Plaintiff asserts these claims on behalf of her and all similarly situated employees.  However, Plaintiff fails to properly set forth any factual allegations establishing her entitlement to relief on any of the foregoing claims.

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  A complaint may be dismissed under Rule 12(b)(6) where either the complaint lacks a cognizable legal theory, or where the complaint fails to plead facts essential to the statement of a claim under that theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Under the heightened pleading standards of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555.

May 22, 2017
Page 2

Here, Plaintiff's causes of action are subject to dismissal because Plaintiff's FAC asserts that Defendant violated the law without providing substantive factual allegations to support these claims. *See, e.g. Twombly*, 550 U.S. at 555; *Iqbal*, U.S. at 678. Plaintiff's FAC is a recitation of legal conclusions, and the few facts she does provide are too vague, uncertain and ambiguous to be deciphered. The few decipherable facts are simple recitations of the Plaintiff's job description. Accordingly, Defendant intends to move the Court to dismiss Plaintiff's FAC in its entirety.

Additionally, Defendant intends to move the Court to dismiss Plaintiff's claims for penalties set out in the sixth and seventh causes of action as these claims are barred by the one-year state of limitations set forth in California Code of Civil Procedure section 340(a).  Plaintiff is time barred from asserting these claims because her employment terminated in September 2015, more than one year prior to the filing of her Complaint on March 17, 2017.

Finally, Plaintiff's eighth cause of action for Unfair Business Practices contains references to the penalty provisions of the Labor Code, including sections 204, 226(a), 1174(d), 2802 and 1197.1.  However, a section 17200 claim cannot be based upon penalty statutes such as Labor Code sections 204, 1174.5 and 1197.1.  *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 619 (N.D. Cal. 2007) (dismissing section 17200 claim at pleading stage because penalty claims cannot form the basis of section 17200 claim).  As we advised before, Plaintiff's claim for Section 1174.5 civil penalties may only be made pursuant to PAGA. PAGA claim cannot be brought because Plaintiff has failed to exhaust her administrative remedies. Accordingly, Defendant will seek to have Plaintiff's claims for penalties under sections 204, 1174(d), and 1197.1 dismissed.

Based on the foregoing, Defendant respectfully requests that Plaintiff dismiss her FAC in its entirety or seek leave to file a second amended complaint providing factual allegations in support of her claims and omitting any claims that are barred by the statute of limitations. Defendant has a limited period in which to file its Motion to Dismiss.  As such, please advise whether you are available to meet and confer on these issues anytime tomorrow.  Hereafter, please copy me on all correspondences related to the above-referenced matter. Thank you.

Sincerely,
Littler Mendelson, P.C.

Hovannes G. Nalbandyan
Associate

EXHIBIT 2

| From: | Nalbandyan, Hovannes "Hovik" |
|---|---|
| **Sent:** | Monday, May 22, 2017 8:30 PM |
| **To:** | 'Jill J. Parker'; Edwin Aiwazian |
| **Cc:** | Wilson, Elizabeth Staggs; Stockard, Wesley E. |
| **Subject:** | Phyllis Franke v. Anderson Merchadisers - Meet & Confer Re Motion to Dismiss |
| **Attachments:** | Franke - Meet & Confer Re MTD - 5.22.2017 (147780805_1).pdf |

Dear Counsel:

Please see attached meet and confer correspondence, dated May 22, 2017, regarding Defendant's intent to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Please let me know your availability tomorrow to discuss.

Sincerely,

**Hovannes "Hovik" Nalbandyan,** Associate
213.443.4279 direct   213.947.1328 fax   HNalbandyan@littler.com
633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

## Littler | littler.com
**Employment & Labor Law Solutions Worldwide**

# EXHIBIT 3

| | |
|---|---|
| **From:** | Jill Parker <jill@lfjpc.com> |
| **Sent:** | Thursday, May 25, 2017 5:08 PM |
| **To:** | Nalbandyan, Hovannes "Hovik" |
| **Cc:** | Edwin Aiwazian; Wilson, Elizabeth Staggs; Stockard, Wesley E.; Suzana Solis |
| **Subject:** | Re: Phyllis Franke v. Anderson Merchadisers - Meet & Confer Re Motion to Dismiss |

Hovannes,

Thank you for speaking with me this afternoon.  This e-mail confirms that we have your permission to file the stipulation and proposed order that you e-mailed to me earlier today.

In addition, I write to confirm that Plaintiff does not seek penalties under Labor Code sections 204, 1174(d), and 1197.1.  In the amended complaint, Plaintiff took out her request for 1197.1 penalties (paragraph 78 of the original complaint and paragraph 25 of the prayer); took out the sixth cause of action brought pursuant to Labor Code section 204; and took out the eighth cause of action brought pursuant to Labor Code section 1174(d).  Plaintiff's reference to Labor Code sections 204, 1174(d), and 1197.1 in her eighth cause of action in the first amended complaint is proper because Plaintiff is not seeking penalties for violations of these statutes, but is asserting that violations of these Labor Code sections constitute a violation of the UCL.

Best,
Jill


With kind regards,


Jill J. Parker
LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, CA 91203
Phone  (818) 265-1020
Fax      (818) 265-1021
_____

The information contained in this e-mail is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others.  If you have received this message in error, please immediately notify the sender by reply email or telephone, and delete it from your system.  Thank you.

On Thu, May 25, 2017 at 1:52 PM, Nalbandyan, Hovannes "Hovik" <HNalbandyan@littler.com> wrote:

Jill:


Just let you a phone message regarding below. Please give me a call when you are available (213) 332.1168.


Hovannes "Hovik" Nalbandyan, Associate

213.443.4279 direct   213.947.1328 fax   HNalbandyan@littler.com

633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071



| littler.com

**Employment & Labor Law Solutions Worldwide**

---

**From:** Jill J. Parker [mailto:jill@lfjpc.com]
**Sent:** Thursday, May 25, 2017 11:05 AM
**To:** Nalbandyan, Hovannes "Hovik"
**Cc:** 'Edwin Aiwazian'; Wilson, Elizabeth Staggs; Stockard, Wesley E.
**Subject:** RE: Phyllis Franke v. Anderson Merchadisers - Meet & Confer Re Motion to Dismiss


I'm available now.   818-265-1020.


I'm also available today to conduct the Rule 26(f) conference and finish finalizing the stipulation regarding the remand motion hearing date and motion for class certification deadline.  Thanks.

---

**From:** Nalbandyan, Hovannes "Hovik" [mailto:HNalbandyan@littler.com]
**Sent:** Thursday, May 25, 2017 10:56 AM
**To:** Jill J. Parker <jill@lfjpc.com>
**Cc:** Edwin Aiwazian <edwin@lfjpc.com>; Wilson, Elizabeth Staggs <EStaggs-Wilson@littler.com>; Stockard, Wesley E. <WStockard@littler.com>
**Subject:** RE: Phyllis Franke v. Anderson Merchadisers - Meet & Confer Re Motion to Dismiss


Jill:


Please confirm your availability for a telephone conference to discuss Defendant's motion to dismiss. I am available for most of the day. Thank you.


Sincerely,


**Hovannes "Hovik" Nalbandyan,** Associate

213.443.4279 direct   213.947.1328 fax   HNalbandyan@littler.com

633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

 | littler.com

**Employment & Labor Law Solutions Worldwide**

---

**From:** Jill J. Parker [mailto:jill@lfjpc.com]
**Sent:** Tuesday, May 23, 2017 10:53 AM
**To:** Nalbandyan, Hovannes "Hovik"
**Cc:** Edwin Aiwazian; Wilson, Elizabeth Staggs; Stockard, Wesley E.
**Subject:** Re: Phyllis Franke v. Anderson Merchadisers - Meet & Confer Re Motion to Dismiss

Hovannes,

I am not available to confer today. I am available to confer Thursday or Friday. Please let me know what works best for you.

Jill

On May 22, 2017, at 5:30 PM, Nalbandyan, Hovannes Hovik <HNalbandyan@littler.com> wrote:

Dear Counsel:

Please see attached meet and confer correspondence, dated May 22, 2017, regarding Defendant's intent to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Please let me know your availability tomorrow to discuss.

Sincerely,

**Hovannes "Hovik" Nalbandyan,** Associate

213.443.4279 direct   213.947.1328 fax   HNalbandyan@littler.com

633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

<image001.jpg>   | littler.com
**Employment & Labor Law Solutions Worldwide**

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are

not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

<Franke - Meet & Confer Re MTD - 5.22.2017 (147780805_1).pdf>

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

EXHIBIT 4

| **From:** | Nalbandyan, Hovannes "Hovik" |
|---|---|
| **Sent:** | Thursday, May 25, 2017 6:23 PM |
| **To:** | 'Jill Parker' |
| **Cc:** | Edwin Aiwazian; Wilson, Elizabeth Staggs; Stockard, Wesley E.; Suzana Solis |
| **Subject:** | RE: Phyllis Franke v. Anderson Merchandisers - Meet & Confer Re Motion to Dismiss |

Jill:

Thank you for the e-mail confirmation. Yes, you have permission to file the stipulation and proposed-order as e-mailed earlier today.

Unfortunately, parties could not reach an agreement regarding the sufficiency of the First Amended Complaint. Plaintiff took the position her complaint pleads sufficient facts.  Defendant took the position that Plaintiff has not met its pleading obligations under *Twombly* and *Ashcroft*. As I mentioned during our call, Defendant believes the additional facts are recitations of Plaintiff's job description, and are simply conclusions of law couched as factual allegations that the Court need not accept as true. To count as genuinely factual, the factual allegations must be corroborated by further factual enhancement in the complaint – something more substantive than just recitations of the element and the job description of the position. As such, Defendant intends to proceed with its 12(b)(6) motion on this issue.

Sincerely,

**Hovannes "Hovik" Nalbandyan,** Associate
213.443.4279 direct   213.947.1328 fax   HNalbandyan@littler.com
633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

 | littler.com
**Employment & Labor Law Solutions Worldwide**
**From:** Jill Parker [mailto:jill@lfjpc.com]
**Sent:** Thursday, May 25, 2017 2:08 PM
**To:** Nalbandyan, Hovannes "Hovik"
**Cc:** Edwin Aiwazian; Wilson, Elizabeth Staggs; Stockard, Wesley E.; Suzana Solis
**Subject:** Re: Phyllis Franke v. Anderson Merchandisers - Meet & Confer Re Motion to Dismiss

Hovannes,

Thank you for speaking with me this afternoon.  This e-mail confirms that we have your permission to file the stipulation and proposed order that you e-mailed to me earlier today.

In addition, I write to confirm that Plaintiff does not seek penalties under Labor Code sections 204, 1174(d), and 1197.1.  In the amended complaint, Plaintiff took out her request for 1197.1 penalties (paragraph 78 of the original complaint and paragraph 25 of the prayer); took out the sixth cause of action brought pursuant to Labor Code section 204; and took out the eighth cause of action brought pursuant to Labor Code section 1174(d).  Plaintiff's reference to Labor Code sections 204, 1174(d), and 1197.1 in her eighth cause of action in the first amended complaint is proper because Plaintiff is not seeking penalties for violations of these statutes, but is asserting that violations of these Labor Code sections constitute a violation of the UCL.

Best,
Jill

With kind regards,

Jill J. Parker

1

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, CA 91203
Phone  (818) 265-1020
Fax      (818) 265-1021
_____

The information contained in this e-mail is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others.  If you have received this message in error, please immediately notify the sender by reply email or telephone, and delete it from your system.  Thank you.

On Thu, May 25, 2017 at 1:52 PM, Nalbandyan, Hovannes "Hovik" <HNalbandyan@littler.com> wrote:

Jill:


Just let you a phone message regarding below. Please give me a call when you are available (213) 332.1168.


**Hovannes "Hovik" Nalbandyan,** Associate

213.443.4279 direct   213.947.1328 fax   HNalbandyan@littler.com

633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071


| littler.com
**Employment & Labor Law Solutions Worldwide**

---

**From:** Jill J. Parker [mailto:jill@lfjpc.com]
**Sent:** Thursday, May 25, 2017 11:05 AM
**To:** Nalbandyan, Hovannes "Hovik"
**Cc:** 'Edwin Aiwazian'; Wilson, Elizabeth Staggs; Stockard, Wesley E.
**Subject:** RE: Phyllis Franke v. Anderson Merchadisers - Meet & Confer Re Motion to Dismiss


I'm available now.   818-265-1020.


I'm also available today to conduct the Rule 26(f) conference and finish finalizing the stipulation regarding the remand motion hearing date and motion for class certification deadline.  Thanks.

**From:** Nalbandyan, Hovannes "Hovik" [mailto:HNalbandyan@littler.com]
**Sent:** Thursday, May 25, 2017 10:56 AM
**To:** Jill J. Parker <jill@lfjpc.com>
**Cc:** Edwin Aiwazian <edwin@lfjpc.com>; Wilson, Elizabeth Staggs <EStaggs-Wilson@littler.com>; Stockard, Wesley E. <WStockard@littler.com>
**Subject:** RE: Phyllis Franke v. Anderson Merchadisers - Meet & Confer Re Motion to Dismiss


Jill:


Please confirm your availability for a telephone conference to discuss Defendant's motion to dismiss. I am available for most of the day. Thank you.


Sincerely,


**Hovannes "Hovik" Nalbandyan,** Associate

213.443.4279 direct   213.947.1328 fax   HNalbandyan@littler.com

633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

 | littler.com
**Employment & Labor Law Solutions Worldwide**

---

**From:** Jill J. Parker [mailto:jill@lfjpc.com]
**Sent:** Tuesday, May 23, 2017 10:53 AM
**To:** Nalbandyan, Hovannes "Hovik"
**Cc:** Edwin Aiwazian; Wilson, Elizabeth Staggs; Stockard, Wesley E.
**Subject:** Re: Phyllis Franke v. Anderson Merchadisers - Meet & Confer Re Motion to Dismiss


Hovannes,


I am not available to confer today. I am available to confer Thursday or Friday. Please let me know what works best for you.


Jill

On May 22, 2017, at 5:30 PM, Nalbandyan, Hovannes Hovik <HNalbandyan@littler.com> wrote:

Dear Counsel:

Please see attached meet and confer correspondence, dated May 22, 2017, regarding Defendant's intent to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Please let me know your availability tomorrow to discuss.

Sincerely,

**Hovannes "Hovik" Nalbandyan,** Associate

213.443.4279 direct   213.947.1328 fax   HNalbandyan@littler.com

633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

<image001.jpg>   | littler.com
**Employment & Labor Law Solutions Worldwide**

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

<Franke - Meet & Confer Re MTD - 5.22.2017 (147780805_1).pdf>

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT B

1                                                                                              JS-6

2

3

4

5

6

7

8

9

10                              UNITED STATES DISTRICT COURT

11                             CENTRAL DISTRICT OF CALIFORNIA

12   ALEJANDRO RODRIGUEZ, individually    )   CASE NO. CV 16-1792-R
     and on behalf of others similarly situated,   )
13                                        )   ORDER GRANTING DEFENDANTS'
                                          )   MOTION TO DISMISS
14                    Plaintiff,          )
                                          )
15        v.                              )
                                          )
16   QG PRINTING CORP.; et al.,           )
                                          )
17                    Defendants.         )
                                          )
18   _____   )

19        Before the Court is Defendants' Motion to Dismiss (Dkt. No. 37) which was filed on

20   December 8, 2016.  Having been thoroughly briefed by both parties, this Court took the matter

21   under submission on February 3, 2017.

22        This case comes before the Court on a Motion to Dismiss for the second time.  Previously,

23   the Court granted Defendant's Motion to Dismiss because the complaint "simply echo[ed] the law

24   and [did] not provide enough factual detail to demonstrate an actual violation."  (Dkt. No. 33).

25   The Court granted the Motion to Dismiss with leave to amend.  Now Defendants challenge the

26   sufficiency of Plaintiff's First Amended Complaint ("FAC").

27        Federal Rules of Civil Procedure 8(a)(2) requires that a Complaint contain "a short and

28   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Dismissal under

1    Federal Rule of Civil Procedure 12(b)(6) is proper when a complaint exhibits either a "lack of a

2    cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

3    *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Under the heightened

4    pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*,

5    556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible

6    on its face," so that the defendant receives "fair notice of what the . . . claim is and the grounds

7    upon which it rests."  *Twombly*, 550 U.S. at 570.

8        The Plaintiff must plead factual content that allows the court to draw the reasonable

9    inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  While

10   the court must accept as true all allegations in the complaint and construe them in the light most

11   favorable to the plaintiff, it need not accept as true legal conclusions or unreasonable inferences.

12   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[T]hreadbare recitals of

13   the elements of a cause of action supported by mere conclusory statements" are insufficient to

14   survive a motion to dismiss under Rule 12(b)(6).  *Iqbal*, 556 U.S. at 678.

15       Each of Plaintiff's claims fail to meet the required pleading standard.  Plaintiff's FAC

16   consistently recites the law and then alleges bare, conclusory statements mirroring that law.  This

17   form of pleading is insufficient to meet the standards of *Iqbal* and *Twombly*.  *See e.g.*, *Oveida v.

18   Sodexo Operations, LLC*, 2012 WL 1627237 at *3 (C.D. Cal. May 7, 2012) (dismissing complaint

19   containing "bare-bones allegations . . . devoid of sufficient factual enhancement to allow [the

20   court] to draw the reasonable inference that Defendant [was] liable for the misconduct alleged.")

21   *Anderson v. Blockbuster Inc.*, 2010 WL 1797249 at *2 (E.D. Cal. May 4, 2010) (dismissing

22   complaint that "only recite[d] the law before making a legal conclusion referencing the

23   Defendant.")

24       Plaintiff alleges ten causes of action for employment law violations.  Specifically, Plaintiff

25   alleges claims for: (1) unpaid overtime wages in violation of California Labor Code sections 510

26   and 1198; (2) meal period violations under California Labor Code sections 226.7 and 512(a); (3)

27   rest period violations under California Labor Code section 226.7; (4) unpaid minimum wages in

28   violation of Labor Code sections 1194, 1197, and 1197.1; (5) final wages not timely paid in

1    violation of California Labor Code section 201 and 202; (6) wages not timely paid during

2    employment in violation of California Labor Code section 204; (7) non-compliant wage

3    statements in violation of Labor Code section 226(a); (8) failure to keep requisite payroll records

4    in violation of California Labor Code section 1174(d); (9) unreimbursed business expenses in

5    violation of California Labor Code sections  2800 and 2802; and (10) violation of California

6    Business and Professions Code section 17200 et seq.

7         Plaintiff's first cause of action consists of three paragraphs of allegations which apparently

8    constitute factual pleading.  The five paragraphs preceding these 'factual' paragraphs describe the

9    California Labor Code sections invoked by the cause of action.  The 'factual' paragraphs allege

10   that Plaintiff "worked in excess of eight hours a day, and/or forty hours in a week" (P 52), that

11   Defendant "intentionally and willfully failed to pay overtime wages owed to Plaintiff" (P 53), and

12   that the failure to pay overtime wages violates California law (P 54).  Paragraph 54 is a legal

13   conclusion.  Paragraphs 52 and 53 provide not a single date or week in which Plaintiff worked

14   more than eight or forty hours, not a single paycheck which was lacking overtime compensation,

15   and not a single fact indicating how many times this failure to pay overtime occurred.  Like the

16   deficient allegations in *Anderson* that plaintiff "worked in excess of eight hours in a day, in excess

17   of 12 hours in a day and/or in excess of 40 hours in a week," these allegations merely parrot the

18   statutory language and conclude that Defendant violated the statute.  2010 WL 1797249 at *2.

19   They provide no basis for this Court to conclude that it is plausible Defendants are liable for the

20   alleged violation.

21        Plaintiff's remaining causes suffer from the same deficiencies.  For example, the second

22   cause of action alleges that meal periods were "missed, short, late, and/or interrupted because

23   Defendants required them to perform work duties" before vaguely referencing generic tasks and

24   concludes by stating the conduct violates the law.  The sixth cause of action states that Defendants

25   intentionally "failed to pay Plaintiff and other class members all wages due to them . . . within any

26   time period permissible" under California law.  Once again, these causes of action contain no

27   specific facts.  Rather, they are simply threadbare recitals of elements of the cause of action

28   accompanied by conclusory statements.  This is insufficient to state a claim for relief.

1        None of Plaintiff's causes of action alleged in the FAC are sufficiently pled.  They all

2    follow the same, deficient pleading template identified above.  As a result, the Court is unable to

3    draw the reasonable inference that Defendant is liable for the misconduct alleged.

4        **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 37) is

5    GRANTED.

6    Dated: February 16, 2017.

7

8

9    _____

10             MANUEL L. REAL
           UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 16-2482-JGB(KKx)** | Date | February 10, 2017 |
|---|---|---|---|
| Title | ***William Robles v. Schneider National Carriers, Inc.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **Order: (1) GRANTING in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. No. 12); and (2) VACATING the February 13, 2017 Hearing (IN CHAMBERS)**

       Before the Court is Defendant's Motion to Dismiss.  (Dkt. No. 12.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After consideration of the papers filed in support of, and in opposition to, the Motion, the Court GRANTS in Part and DENIES in Part the Motion.  The February 13, 2017 hearing is VACATED.

## I.      INTRODUCTION

       On September 22, 2016, William Robles ("Plaintiff") filed a complaint on behalf of himself and all others similarly situated against Schneider National Carriers, Inc ("Defendant" or "Schneider") in California Superior Court for the County of Riverside.  ("Complaint," Dkt. No. 1-1).  Defendant removed the action to this Court on December 1, 2016 pursuant to the Class Action Fairness Act.  (Dkt. No. 1.)

       Plaintiff is a former truck driver for Schneider, where he worked from March 2009 through October 2015.  (Complaint ¶ 4.)  He alleges that, during that time, Schneider "willfully misclassified" him as an independent contractor in order to avoid paying him and other California truck drivers for all time worked, meal and rest periods missed, business expenses, and the employer's share of payroll taxes and mandatory insurance.  (Id. at ¶ 11.)  In particular, Plaintiff alleges that Defendant's strategy of paying its truck drivers flat rates based upon the

loads delivered meant that he was not compensated for time spent driving to the assigned locations, waiting for and loading the pick-up loads, and then transporting the goods to the assigned locations. (<u>Id.</u> at ¶ 22.) Additionally, Defendant required truck drivers to personally incur and pay for expenses, including all costs and expenses of owning, maintaining, and fueling the trucks and vehicles they drove in the discharge of their duties. (<u>Id.</u>)

Based on the above, the Complaint asserts six causes of action: (1) unfair competition; (2) failure to pay minimum wages; (3) failure to provide accurate itemized statements; (4) failure to provide wages when due; (5) failure to reimburse employees; and (6) illegal deductions from wages.

Defendant now moves to dismiss or strike the Complaint in its entirety, arguing that it fails to support a cognizable legal theory. ("Motion," Dkt. No. 12.)[1] Plaintiff opposed the motion on January 23, 2017. ("Opp'n," Dkt. No. 14.)[2] Defendant filed its reply on January 30, 2017. ("Reply," Dkt. No. 15.)

---

[1] Together with its Motion, Defendant filed a Request for Judicial Notice. ("RJN," Dkt. No. 12.) The request—to which Plaintiff does not object—asks that the Court take judicial notice of decisions from unpublished cases and various public documents evincing the legislative history of the statutes at issue—for example, an analysis of A.B. No. 3731 (1976) from the legislative history on California Labor Code Section 226. (RJN.) The Court finds that all of these are proper subjects of judicial notice. These documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of these types of documents. <u>See</u>, <u>e.g.</u>, <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, transcripts, and various other court filings from related case); <u>Garcia v. Pacificare of California Inc.</u>, No. SACV1202022JVSRNBX, 2013 WL 12114019, at *3 (C.D. Cal. Mar. 6, 2013), <u>aff'd</u>, 750 F.3d 1113 (9th Cir. 2014) (taking judicial notice the legislative history of state statutes). <u>See</u> <u>Louis v. McCormick & Schmick Rest. Corp.</u>, 460 F. Supp. 2d 1153, 1156 n.4. (C.D. Cal. 2006). Accordingly, the Court GRANTS Defendant's Request for Judicial Notice.

[2] Together with its Opposition, Plaintiff also submitted the Declaration of Molly A. Desario, in which Plaintiff's counsel Ms. Desario states that Defendant's counsel has only made "two recent challenges" to the "multitude of wage and hour class action complaints Plaintiff's counsel has recently filed," and that both have failed. (Desario Decl. ¶ 2.) She further provides her opinion that both cases "involve[d] the same kind of allegations pled in the Complaint here." (<u>Id.</u>) Defendant submitted objections to the declaration, as well as the two exhibits attached therein—the two referenced cases—on the basis that they constitute a proffer of evidence that is neither referenced in the Complaint, nor a proper subject of judicial notice. (Objections, Dkt. No. 15-1.) The Court agrees that the declaration is improper, and notes that, to the extent that Plaintiff seeks to cite to cases he believes support his position, he should do so through a request for judicial notice or through the standard citation format in his opposition papers. However,

---

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

Surviving a motion to dismiss requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III.     DISCUSSION

Defendant moves to dismiss all of Plaintiff's claims in the Complaint. The Court addresses each in turn.

### A.     Unlawful, unfair, and deceptive business practices

Under the UCL, "unfair competition" means "any unlawful, unfair or fraudulent

---

because the Court need not—and does not—rely on the declaration to resolve the issues raised by Defendant's Motion, it DENIES Defendant's objections as moot.

---

business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. When analyzing a UCL claim, courts consider each of the three prongs to determine whether a practice is unlawful, unfair, or fraudulent. <u>Daro v. Superior Court</u>, 151 Cal. App. 4th 1079, 1093 (2007) ("Because section 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria—unlawful, unfair, *or* fraudulent—to be considered unfair competition.")

It is not entirely clear from the Complaint whether Plaintiff is asserting violations of the UCL under all three prongs or under one in particular. Plaintiff's first cause of action asserts that Defendant has engaged in a business practice "which violates California law," and has unjustly enriched Defendants at the class members' expense. (Complaint ¶¶ 47-48.) This suggests that Plaintiff seeks to proceed under the "unlawful prong," wherein the UCL claims rests on the violation of another law. Plaintiff also seems to allege claims under the fraudulent prong of the UCL: he alleges that Defendant's practices were "deceptive and fraudulent in that Defendant's uniform policy and practice was to represent to the California class members that they were not entitled to minimum wages, business expense reimbursement, payment for payroll taxes or mandatory insurance and other benefits as required by California law, when in fact these representations were false and likely to deceive." (<u>Id.</u> at ¶¶ 49, 50.) He does not, however, specify when or how such representations were made.

However, in his Opposition, Plaintiff clarifies his theory of liability, which raises a claim under the second prong: a practice that is unfair. Specifically, he explains that his UCL claim is predicated on Defendant's practice of failing to provide meal and rest periods or providing premium pay for missed meal and break periods. (Opp'n at 17-18.) He relies heavily on <u>Safeway, Inc. v. Superior Court of Los Angeles Cty.</u>, 238 Cal. App. 4th 1138 (2015), <u>review denied</u> (Oct. 21, 2015), where a California Court of Appeal affirmed certification for a class of plaintiffs asserting a UCL claim on the basis of failure to pay premium wages for missed, shortened, or delayed meal breaks. 238 Cal. App. 4th at 1155-56.

With regard to Plaintiff's allegations relating to missed meal breaks, the Complaint states that "Defendant failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to Plaintiff and the other California class members . . . Defendant did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods . . . Plaintiff and other members of the class therefore forfeited meal and rest breaks without additional compensation." (Complaint at ¶ 16.)

The problem here is *not* that there is no legally cognizable theory for failure to provide premium wages where an employer has instructed an employee to work or otherwise impeded the taking of breaks. The problem is rather that Plaintiff has not alleged sufficient facts to explain how Defendant impeded him or other class members from taking breaks—or even that it did. Under California law—and as explained in the very cases cited by Plaintiff—an employer's duty with respect to meal breaks is an obligation to provide a meal period to employees. <u>Brinker Rest. Corp. v. Superior Court</u>, 53 Cal. 4th 1004, 1040 (2012). An employer satisfies this obligation "if

it relieves its employees of all duty, relinquishes control over their activities, and permits them a reasonable opportunity to take an uninterrupted 30-minute break." Id. Here, there are no factual allegations that Defendant actually required—or even encouraged—class members to skip breaks; there are only allegations that Defendant "failed to provide" these rest periods. But without more factual context, it is unclear how Defendant "failed" to provide these rest periods; did Defendant require Plaintiff to take uninterrupted routes that would not allow him to stop for a meal? Did Defendant instruct Plaintiff to drive to so many different locations within a day that Plaintiff could not reasonably take any breaks? Did Defendant's agents indicate to Plaintiff that he should not take breaks? As the court noted in Brinker, "work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations." Id. at 1040–41. Here, there is nothing to indicate that Plaintiff's failure to take breaks is attributable to Defendant's policies or practices, rather than his own idiosyncratic decisions. This does not satisfy the Rule 8 pleading requirements

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's first cause of action. The Court grants Plaintiff leave to amend his complaint to clarify the factual allegations that would support a theory of liability for failure to provide meal breaks.[3]

---

[3] Defendant's Motion also requests that the Court strike Plaintiff's allegation in his UCL claim that Schneider violated section 226.8, which imposes civil penalties for an employer's willful misclassification of an individual as an independent contractor. (Motion at 24.) Plaintiff's Opposition makes clear that his UCL claim is brought under 226.7, not 226.8; it appears that Plaintiff's brief reference to 226.8 in the Complaint—included as it was in a long list of labor code sections—was in error. (See Complaint ¶ 47.) And, insofar as Plaintiff argues in his Opposition that he merely wishes to pursue *injunctive* relief under 226.8, this remedy is not available to him, since he is no longer an employee with Schneider. See, e.g., Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021–22 (9th Cir. 2004) ("Hangarter currently has no contractual relationship with Defendants and therefore is not personally threatened by their conduct . . . [thus] Hangarter lacked standing to prosecute an UCA claim for injunctive relief."); Delodder v. Aerotek, Inc., No. CV 08-6044 CAS AGR, 2009 WL 3770670, at *3 (C.D. Cal. Nov. 9, 2009) ("The Court finds that plaintiffs lack standing to seek prospective relief under the UCL because plaintiffs do not dispute that they are no longer employees of defendant, and thus, they cannot demonstrate 'a real or immediate threat of irreparable injury' by defendant's employment practices.") Accordingly, the Court GRANTS Defendant's request to strike Plaintiff's reference to section 226.8 from his first cause of action.

The Court also notes that Plaintiff's complaint seeks injunctive relief in his prayer for relief: specifically, he requests "[a]n order temporarily, preliminarily, and permanently enjoining and restraining Defendant from engaging in similar unlawful conduct." For the reason noted above, Plaintiff lacks standing to pursue injunctive relief; he has not alleged any continuing employment relationship with Schneider and therefore cannot establish that he will suffer any threat of real and immediate future harm as result of the conduct alleged. Accordingly, the Court also GRANTS Defendant's request to strike Plaintiff's request for injunctive relief.

---

## B.   Failure to pay minimum wages

Plaintiff's second cause of action asserts that Schneider failed to compensate its truck drivers for all time worked by misclassifying them as independent contractors. (Complaint ¶¶ 63, 64.) Thus, "the Plaintiff and the California Class Members were regularly required to work, and did in fact work, uncompensated time, time compensated at less than minimum wage." (Id. at ¶ 63.) Plaintiff also contends that the work that went unpaid involved "time spent waiting for Defendant's loads to be ready for transport." (Id. at ¶ 22.)

Defendant argues that these statements are entirely conclusory allegations that fail to provide the level of factual specificity required to state a claim. (Motion at 4.) Specifically, Defendant notes that the allegations fail to identify "even one specific workweek in which the purported violations occurred" and "contains no facts from which the Court can reasonably infer that he actually worked any uncompensated hours." (Id. at 4-5.) That is, "Plaintiff fails to identify any time that was supposedly worked by him [and the class] that [Schneider] ostensibly failed to compensate under its piece-rate formula." (Id. at 5.)

The disagreement between Plaintiff and Defendant is rooted in different interpretations of the requirements for asserting a claim for failure to pay minimum wages. Both Parties rely on the Ninth Circuit's decision in Landers v. Quality Commc'ns, Inc., 771 F.3d 638 (9th Cir. 2014), as amended (Jan. 26, 2015), but reach different conclusions from its holding. In Landers, the Ninth Circuit laid out guidelines for courts evaluating the sufficiency of allegations in the context of wage-and-hour claims under the Fair Labor Standards Act ("FLSA"). Specifically, the Court explained that, while FLSA plaintiffs need not plead in detail the number of hours worked, their wages, or the amount of overtime owed, at a minimum a plaintiff must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week. 771 F.3d at 645. The Court also noted that pleadings "are to be evaluated in the light of judicial experience" and that "the plausibility of a claim is 'context-specific.'" Id.

In that case, the plaintiff had alleged that the compensation system used by the defendants for the plaintiff was a de facto "piecework with no overtime" system, meaning that employees were paid a certain amount for each "piece" of work they performed pursuant to a schedule, but were not paid time and a half their "regular hourly rate" for work in excess of forty hours per week and did not receive minimum wage payments for their hours worked. Id. at 645-46. These were "generalized allegations," the Court found, which merely "raise[d] the possibility of undercompensation," but "failed to provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week." Id. at 646 (internal marks omitted). Accordingly, the Court found that his allegations failed to state a plausible claim under Rule 8. Id.

Here, while Plaintiff's allegations do not arise under the FLSA, but under the California Labor Code—specifically, sections 1194, 1197, and 1197.1—it is hard to see how Plaintiff could persuasively distinguish his allegations from those in Landers. Exactly as in Landers, Plaintiff

alleges that his compensation was on a piecework basis, such that class members "were regularly required to work, and did in fact work, uncompensated time, time compensated at less than minimum wage." (Complaint ¶ 63.) But, like the <u>Landers</u> plaintiff, he does not explain how or why the load-based piece-rate compensation he received caused uncompensated time.

In an effort to avoid the application of <u>Landers</u>, Plaintiff cites to this Court's decision in <u>Thomas-Byass v. Michael Kors Stores, Inc.</u>, 2015 U.S. Dist. LEXIS 164690 (C.D. Cal. Sept. 16, 2015), where the Court upheld the plaintiff's claim for failure to pay overtime wages. But the decision in <u>Michael Kors</u> rested on strikingly different allegations. Specifically, the plaintiff explained that her overtime pay was wrongly calculated so as to underestimate the correct pay rate (by excluding her non-discretionary bonus pay from the calculation of her overtime rate), and that she was consequently undercompensated daily for the time she spent preparing mandatory sales reports after work. 2015 U.S. Dist. LEXIS 164690 at *11-14. Thus, the plaintiff made clear the manner in which she was undercompensated, provided information as to the regularity of the occurrence, and conveyed a sense of the scale of the under-compensation. Here, Plaintiff argues that he has fulfilled his burden by noting that he identified a specific task that went without compensation: his time spent waiting for trucks to be ready for departure. (Opp'n at 7.) But this lacks a host of additional contextual information that would take Plaintiff's claims from possible to plausible: for example, how often he was forced to wait for a truck; how long he was generally forced to wait; whether he incurred unpaid waiting time regularly between 2009 and 2015[4]; how the load-rate failed to compensate him for waiting time (for example, would the load-rate have compensated him at a minimum-wage rate had it not been for the waiting time?) Moreover, the Court does not understand Plaintiff's contention that information regarding waiting time is "within the sole possession, custody, and control of the Defendant": is Plaintiff suggesting that he himself has no sense of how long he would have to wait for trucks to be ready?

While the Court recognizes that Plaintiff need not identify an exact calendar week or a particular instance of denied overtime, he must at least provide a general estimate of the time he alleges went uncompensated. This need not be done with mathematical precision, but should be sufficient to give fair notice to Defendant as to the breadth of the claim. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's second claim, but grants Plaintiff leave to amend to remedy the informational gaps noted above.

## C.   Failure to provide itemized wage statements

Plaintiff's third cause of action asserts that Defendant violated California Labor Code Section 226 by failing to provide him with complete and accurate wage statements. He asserts that, "from time to time," Defendant's wage statements failed to show "the correct minimum wages for time worked, the correct allocation of lawfully required, paid, off-duty rest periods, and the correct payment for missed meal periods." (Complaint ¶ 70.) As a result of these inaccurate wage statements, Plaintiff alleges that he had to expend costs "to calculat[e] the true amount of

---

[4] Providing more details as to the time frame of his allegations would also clarify whether a statute of limitations defense might apply to some of Plaintiff's claims.

time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities."  (<u>Id.</u> at ¶ 71.)

Defendant raises various arguments to challenge the sufficiency of these allegations.  First, it argues that Plaintiff neglected to allege facts to plausibly suggest that Schneider *knowingly and intentionally* provided inaccurate wage statements.  (Motion at 6.)  Next, it argues that Plaintiffs fails to allege a required element: a cognizable injury beyond the fact of not receiving a compliant itemized wage statement.  (<u>Id.</u> at 7.)  Third, it points out that Plaintiff has not alleged that he received any wage statements from Schneider that were inaccurate in reporting wages *actually paid to him*, only that they did not show the "correct" wages that Plaintiff alleges should have been paid.  (<u>Id.</u> at 8.)  Finally, Defendant argues that, under Section 226.7, wage statements need not itemize payments for missed meal or rest breaks.  (<u>Id.</u>)

In response, Plaintiffs argue that, by alleging that Defendant's policy of underpaying wages was deliberate, Plaintiff has satisfied its burden to show that the derivative wage statement was also intentional.  (Opp'n at 9.)  He also notes that the "injury" requirement is minimal, and satisfied by the allegation that the defendant furnished inaccurate information.  (<u>Id.</u>)  Next, he takes issue with Defendant's view that it is entitled to provide wage statements which inaccurately report the amount of wages earned so long as the statements accurately report what was paid.  (<u>Id.</u> at 10.)  Finally, he disagrees that wage statements need not itemize meal period compensation, noting that several cases have recently disagreed with the case on which Defendant relies for this point.  (<u>Id.</u>)

The Court addresses each point in turn.  First, it finds that the plain language of the statute requires wage statements to accurately report not just "wages paid," but also "gross wages earned," "total hours worked," and "net wages earned."  Cal. Lab. Code § 226(a).  Accordingly, the Court agrees with other district courts that, insofar as Plaintiff claims that the wage statements included only the amount he was actually paid, but not the amount he *earned*—perhaps by underrepresenting the number of hours worked, though the Complaint does not make this clear—Plaintiff may assert a violation of the statute.  <u>See also</u> <u>Pena v. Taylor Farms Pac., Inc.</u>, No. 2:13-CV-01282-KJM-AC, 2014 WL 1665231, at *9 (E.D. Cal. Apr. 23, 2014) ("If the statement must be accurate as to both wages earned and total hours worked, then accurate payment of inaccurately recorded hours would violate the statute."); <u>Rodriguez v. Cleansource, Inc.</u>, No. 14-CV-0789-L DHB, 2015 WL 5007815, at *7 (S.D. Cal. Aug. 20, 2015) (rejecting defendant's contention that "employers are only required to accurately report wages that the employee is actually being paid" and upholding plaintiffs' claims where they identified specific failures by defendant in accurately reporting time).

Second, the Court repeats its conclusion from its decision in <u>Michael Kors</u> that Plaintiff may satisfy the intent element by alleging that Defendant deliberately underpaid its employees.  <u>See</u> <u>Michael Kors</u>, 2015 U.S. Dist. LEXIS 164690, at *21 ("Plaintiff has alleged facts sufficient to infer that Defendant deliberately failed to pay wages for time worked, that it failed to provide requisite meal breaks, and therefore it knew it was providing inaccurate wage statements."); <u>see also</u> <u>Davenport v. Wendy's Co.</u>, No. 2:14-CV-00931 JAM, 2014 WL 3735611, at *7 (E.D. Cal.

July 28, 2014) ("Plaintiff alleges that Defendant 'purposely' misclassified salaried General Manager employees as exempt, and therefore Plaintiff has sufficiently alleged that the failure to provide accurate wage statements was 'knowing and intentional' under section 226(e)); Hennighan v. Insphere Ins. Sols., Inc., No. 13-CV-00638-JST, 2013 WL 1758934, at *5 (N.D. Cal. Apr. 24, 2013) ("an allegation of purposeful misclassification is required" to show a "knowing and intentional failure" to provide itemized wage statements under section 226). Accordingly, the Court finds that Plaintiff *could* satisfy the intent element where he could show that Defendant engaged in a deliberate scheme to underpay its employees.[5]  As discussed in the rest of this order, however, the Complaint in general fails to support a claim that Defendant deprived him of wages—which, of course, dooms his claim that Defendant *deliberately* underpaid him.

    The Court reaches a similar conclusion with regard to the injury element: the theory may work, but the claim lacks sufficient facts to support the cause of action.  The terms of the statute state that "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information" as required by section 226 *and* "the employee cannot promptly and easily determine from the wage statement alone" any of the following

<ol type="i">
<li>The amount of gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a);</li>
<li>Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a);</li>
<li>The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period;</li>
<li>The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.</li>
</ol>

---

[5] The Court is not convinced otherwise by Defendant's citations to an unpublished California Superior Court decision and a Northern District decision.  (Reply at 3.)  In the first case, the court's statement that an "intentional" violation of the labor code was not identical to an "intentional" violation of section 226 appears to be dicta—the court's holding that the plaintiff could not sustain a section 226 claim rested on other grounds—*and* it involved a situation where the allegations indicated a good faith attempt by the defendant to pay for all hours worked.  Brian Driscoll et al. v. Granite Rock Company, Case No. 1:08-CV-103426, Dkt. No. 12-1 (Super. Ct., Santa Clara County, Sept. 20, 2011).  In the second case, Brown v. Wal-Mart Stores, Inc., No. C 08-5221 SI, 2013 WL 1701581 (N.D. Cal. Apr. 18, 2013), the court did not reject the theory that an intentional violation of wage and hour laws could support a claim of an intentional violation of section 226, but rather found that the plaintiff could not show an intentional violation of wage and hour laws in the first place.  2013 WL 1701581, at *8.

---

Cal. Lab. Code § 226(e)(2)(B).  Items (2) through (4), as referenced in (i), include:

> (2) Total hours worked by the employee;
> (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; and
> (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item.

Cal. Lab. Code § 226(a)(2-4).  Here, Plaintiff has alleged that the wage statements did not provide complete and accurate information because they did not "accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect."  (Complaint ¶ 70.)  Plaintiff also suggests that the wage statements did not indicate the "true amount of time worked," which satisfies the second prong of the injury element: an employee must be able to "promptly and easily" determine the "total hours worked by the employee."  Accordingly, Plaintiff's allegations, *if supported*, could suffice to make out an injury under section 226.  See also Davenport, 2014 WL 3735611, at *7 ("the injury requirement is minimal" as indicated by 2013 statutory amendment to section 226(e), "which clarifies that "[a]n employee is deemed to suffer injury . . . if the employee cannot promptly and easily determine from the wage statement alone . . . the amount of gross wages or net wages" due to the employee").[6]

However, while the theory of liability may hold up, it does not have specific factual support.  As in Plaintiff's failure to pay minimum wages claim, Plaintiff does not provide any clarifying information that would explain *how* Defendant's statements were inaccurate.  For example, if Plaintiff alleges that the statements did not accurately recite the number of hours worked, in what way does he allege that the statements under-counted his hours?  Does he allege that he worked additional hours that Defendant never recognized?  That Defendant listed him as having worked a set number of hours per load delivery, regardless of how many hours he actually worked?  The same concerns apply to his remaining allegations, which seem only to parrot the language of 226, but do not explain how these terms applied in his case.  Just as Plaintiff failed to explain in what way he was under-compensated under the piecework system, here, too, he fails to explain how the statements inaccurately represented the wages he earned.

---

[6] Again, the Court notes that Defendant's citations to cases that came out differently do not compel a contrary result here, although it acknowledges that the case law on this issue is not all in agreement.  However, in both cases that Defendant cites—Milligan v. Am. Airlines, Inc., 577 F. App'x 718, 719 (9th Cir. 2014) and Angeles v. U.S. Airways, Inc., No. C 12-05860 CRB, 2013 WL 622032, at *10 (N.D. Cal. Feb. 19, 2013)—the courts focused on the fact that an *omission* in a wage statement was insufficient to establish injury; here, Plaintiff seems to assert not just that an itemized requirement was missing, but that the information included was actually wrong.

**CIVIL MINUTES—GENERAL**                Initials of Deputy Clerk MG

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's third cause of action, but grants leave to amend so that Plaintiff can provide additional factual support for his claim.

## D.   Failure to provide wages when due

In his fourth cause of action, Plaintiff contends that Defendant did not timely tender payment of all wages owed after Plaintiff's employment ended in violation of California Labor Code Sections 201, 202, and 203.  Again, the cause of action suffers from the same informational gaps discussed above: Plaintiff does not explain what wages he alleges were due nor the basis for asserting that such wages were due.[7]  Conclusory allegations that Defendant "did not timely tender payment of all wages owed as required by law" fall far short of the Twombly/Iqbal standard and fail to give Defendant fair notice of the grounds upon which the claim rests.  See, e.g., Guerrero v. Halliburton Energy Servs., Inc., No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *8 (E.D. Cal. Nov. 2, 2016) ("The Court agrees with Defendant that these allegations fail to satisfy the pleading requirements of Rule 8. Importantly, Plaintiff has not alleged when his employment with Defendant ended, nor has he alleged exactly what wages were earned and unpaid."); Lopez v. Aerotek, Inc., No. SACV1400803CJCJCGX, 2015 WL 4504691, at *2 (C.D. Cal. July 23, 2015) (dismissing claim where "Plaintiff merely asserts that 'Defendants willfully failed to pay their workers accrued wages due promptly upon separation, as required by Code sections 201 and 202.'. . . Plaintiff does not even generally allege what wages were earned and paid at the time of termination, nor does she allege how and in what manner any final wage payment was untimely under the Labor Code.")  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's fourth cause of action.  Plaintiff may amend his Complaint to provide additional factual support for his claim.

## E.   Failure to reimburse employees for required expenses

Plaintiff's fifth cause of action asserts that Defendant failed to indemnify or reimburse Plaintiff or the class under California Labor Code Section 2802 for required expenses incurred in the discharge of their job duties.  For example, Defendant failed to reimburse employees for the costs or expenses of owning and/or leasing and maintaining a car, or the fuel for the trucks and vehicles that employees utilized when driving to assigned locations by Defendant.  (Complaint ¶ 82.)

Defendant complains that these allegations are not specific enough to meet the standards of Rule 8.  (Motion at 16-17.)  It also argues that "the Complaint is devoid of any factual

---

[7] Although Plaintiff asserts generally in the Complaint that Defendant did not compensate him at a minimum wage rate as the result of its piecework compensation structure, these allegations lacked clarifying information, as the Court has already discussed.  Moreover, Plaintiff does not even make clear whether his section 203 claim relies on the same allegations of uncompensated work that form the basis for his failure to pay minimum wage claims.

allegation that any of the PCMs ever sought and were refused reimbursement for the alleged business expenses." (Id. at 17.)

On both counts, the Court is unpersuaded by Defendant's arguments. First, the Complaint specifies both the type of expenses that were incurred—car maintenance and fuel costs—and explains why such costs were necessary to employment: Defendant required its truck drivers to drive to assigned locations in order to complete their principal job duties: picking up and delivering loads. That employees would necessarily incur vehicle and fuel costs to fulfill the job seems obvious under the circumstances. Second, there is no requirement that employees must have sought reimbursement. See Stuart v. RadioShack Corp., 641 F. Supp. 2d 901, 902–03 (N.D. Cal. 2009) (public policy underlying section 2802 focuses not on whether employee makes a request for reimbursement but rather on whether employer "either knows or has reason to know that the employee has incurred a reimbursable expense"). Here, it is reasonable to assume that, where the job expressly involved driving from place to place, Defendant had good reason to know that employees were incurring expenses related to the vehicles they drove—and yet failed to reimburse those expenses. While the Court acknowledges that Plaintiff would have done better to more clearly itemize the expenses,[8] the deficiencies here are not so significant as to defeat his claim; the specifics of the expenses incurred may be developed through the course of discovery.

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's fifth cause of action.

F.      **Illegal deductions from wages**

In his sixth cause of action, Plaintiff asserts that Defendant illegally classified him and the putative class members as independent contractors, rather than employees, and is therefore required to comply with California law regarding deductions from wages. (Complaint ¶ 86.) Because Defendant "failed to pay all compensation due" and "made unlawful deductions from compensation," Plaintiff alleges that it is in violation of California Labor Code section 221, which makes it unlawful "for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." (Id. at ¶¶ 88-92.)

Defendant counters that the explicit remedy for a violation of section 221 is found in sections 225 and 225.5—which provide for only *criminal and agency enforcement* of section 221. (Motion at 17.) That is, neither statute creates a private right of action for violations of section 221.

The Court finds that the weight of authority—together with the clear language of the statute—supports Defendant's argument. Unlike other sections of the Labor Code, which

---

[8] For example, were employees required to purchase and maintain particular types of trucks? Did they have to maintain their trucks in a certain condition to maintain their employment? How significant were the fuel costs?

---

expressly allow employees to file suit to recover wages,[9]  there is nothing to indicate that the legislature intended to create a private right of action to remedy violations of sections 221 or 223. See Cal. Lab. Code §§ 221, 223; see also Gunawan v. Howroyd-Wright Employment Agency, 997 F. Supp. 2d 1058, 1068 (C.D. Cal. 2014) (text of section 223 does not support existence of private right of action); Calop Bus. Sys., Inc. v. City of Los Angeles, 984 F. Supp. 2d 981, 1014 (C.D. Cal. 2013), aff'd in part, appeal dismissed in part, 614 F. App'x 867 (9th Cir. 2015) (same); Johnson v. Hewlett-Packard Co., 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011), aff'd, 546 F. App'x 613 (9th Cir. 2013) (same); contra Villalpando v. Exel Direct Inc., No. 12-CV-04137 JCS, 2014 WL 1338297, at *18 (N.D. Cal. Mar. 28, 2014) (finding "clear legislative intent" to allow private causes of action).[10]

        Accordingly, the Court GRANTS Defendant's motion as to its sixth cause of action. Because amendment would be futile in light of the absence of a private right of action, the Court dismisses Plaintiff's UCL claim **without leave to amend**.  See, e.g., Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1038, 1042 (9th Cir. 2011) (dismissal without leave to amend is appropriate where "amendment would be futile").

### IV.    CONCLUSION

        For the reasons stated above, the Court GRANTS in Part and DENIES in Part Defendant's Motion to Dismiss.  The Court dismisses Plaintiff's first, second, third, fourth, and sixth causes of action, and grants Plaintiffs leave to amend all but the sixth cause of action, subject to the limitations described above.  Plaintiffs may file an amended complaint no later than March 3, 2017. The February 13, 2017 hearing on the Motion is VACATED.

        **IT IS SO ORDERED.**

---

[9] For example, section 203 provides that, "[i]f an employer willfully fails to pay, without abatement or reductions, in accordance with sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty . . . [and] [s]uit may be filed for these penalties at any time . . ." Cal. Labor Code § 203(a)-(b). Section 218, too, states that "[n]othing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article." Cal. Lab. Code § 218.

[10] The Court is not convinced by the reasoning in Villalpando, which, as Defendant points out, appears to be an outlier in its conclusion that section 221 creates a private right of action.  In particular, the Court disagrees with Villalpando's assumption that, because the conduct prohibited by section 221 is the wrongful deprivation of wages, it *must* confer a private cause of action so that employees can recover these unpaid wages.  2014 WL 1338297, at *18.  After all, as noted above, other sections of the Labor Code involving unpaid wages expressly provide for a private right: thus, the fact that section 221 relates to unpaid wages would not seem to automatically confer a private right absent additional language in the statute confirming this to be so.

# EXHIBIT D

Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@LFJPC.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ; individually, and on behalf of other members of the general public similarly situated, | Case No.: 5:16-cv-01792-GHK (SPx) |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |
| vs. | (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| QG PRINTING CORP., an unknown business entity; QUAD/GRAPHICS, an unknown business entity; QUAD GRAPHICS, an unknown business entity; and DOES 1 through 100, inclusive, | (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); |
| Defendants. | (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); |

(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

1    COMES NOW, Plaintiff ALEJANDRO RODRIGUEZ ("Plaintiff"),

2  individually, and on behalf of other members of the general public similarly

3  situated, and alleges as follows:

4    **JURISDICTION AND VENUE**

5    1.    This class action was originally brought in the Superior Court for the

6  County of Riverside pursuant to the California Code of Civil Procedure section

7  382.

8    2.    This Court has asserted jurisdiction over this action pursuant to the

9  Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

10    3.    Upon information and belief, Defendants were and are, upon

11  information and belief, employers whose employees are engaged throughout the

12  State of California, including the County of Riverside.  Upon information and

13  belief, Defendants maintain offices, have agents, and/or transact business in the

14  State of California, County of Riverside.

15    **PARTIES**

16    4.    Plaintiff ALEJANDRO RODRIGUEZ is an individual residing in the

17  State of California, County of Riverside.

18    5.    At all relevant times, Defendant QG PRINTING CORP.,

19  QUAD/GRAPHICS, and QUAD GRAPHICS were the "employer" of Plaintiff

20  within the meaning of all applicable California state laws and statutes.

21    6.    At all times herein relevant, Defendant QG PRINTING CORP.,

22  QUAD/GRAPHICS, QUAD GRAPHICS, and DOES 1 through 100, and each of

23  them, were the agents, partners, joint venturers, joint employers, representatives,

24  servants, employees, successors-in-interest, co-conspirators and assigns, each of

25  the other, and at all times relevant hereto were acting within the course and scope

26  of their authority as such agents, partners, joint venturers, joint employers,

27  representatives, servants, employees, successors, co-conspirators and assigns, and

28  all acts or omissions alleged herein were duly committed with the ratification,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  knowledge, permission, encouragement, authorization and consent of each

2  defendant designated herein.

3      7.     The true names and capacities, whether corporate, associate,

4  individual or otherwise, of defendants DOES 1 through 100, inclusive, are

5  unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff

6  is informed and believes, and based on that information and belief alleges, that

7  each of the defendants designated as a DOE is legally responsible for the events

8  and happenings referred to in this Complaint, and unlawfully caused the injuries

9  and damages to Plaintiff and the other class members as alleged in this

10  Complaint.  Plaintiff will seek leave of court to amend this Complaint to show

11  the true names and capacities when the same have been ascertained.

12      8.     Defendant QG PRINTING CORP., QUAD/GRAPHICS, QUAD

13  GRAPHICS, and DOES 1 through 100 will hereinafter collectively be referred to

14  as "Defendants."

15      9.     Plaintiff further alleges that Defendants directly or indirectly

16  controlled or affected the working conditions, wages, working hours, and

17  conditions of employment of Plaintiff and the other class members so as to make

18  each of said defendants employers and employers liable under the statutory

19  provisions set forth herein.

20                **CLASS ACTION ALLEGATIONS**

21      10.    Plaintiff brings this action on his own behalf and on behalf of all

22  other members of the general public similarly situated, and, thus, seeks class

23  certification under Code of Civil Procedure section 382.

24      11.    The proposed class is defined as follows:

25          All current and former hourly-paid or non-exempt employees who

26          worked for any of the Defendants within the State of California at

27          any time during the period from June 3, 2012 to final judgment.

28      12.    Plaintiff reserves the right to establish subclasses as appropriate.

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    13.   The class is ascertainable and there is a well-defined community of

2    interest in the litigation:

3             a.   <u>Numerosity</u>: The class members are so numerous that joinder

4                  of all class members is impracticable.  The membership of the

5                  entire class is unknown to Plaintiff at this time; however, the

6                  class is estimated to be greater than fifty (50) individuals and

7                  the identity of such membership is readily ascertainable by

8                  inspection of Defendants' employment records.

9             b.   <u>Typicality</u>: Plaintiff's claims are typical of all other class

10                 members' as demonstrated herein.  Plaintiff will fairly and

11                 adequately protect the interests of the other class members

12                 with whom he has a well-defined community of interest.

13            c.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the

14                 interests of each class member, with whom he has a well-

15                 defined community of interest and typicality of claims, as

16                 demonstrated herein.  Plaintiff has no interest that is

17                 antagonistic to the other class members.  Plaintiff's attorneys,

18                 the proposed class counsel, are versed in the rules governing

19                 class action discovery, certification, and settlement.  Plaintiff

20                 has incurred, and during the pendency of this action will

21                 continue to incur, costs and attorneys' fees, that have been,

22                 are, and will be necessarily expended for the prosecution of

23                 this action for the substantial benefit of each class member.

24            d.   <u>Superiority</u>: A class action is superior to other available

25                 methods for the fair and efficient adjudication of this litigation

26                 because individual joinder of all class members is impractical.

27            e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a

28                 class action will advance public policy objectives.  Employers

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  of this great state violate employment and labor laws every

2  day.  Current employees are often afraid to assert their rights

3  out of fear of direct or indirect retaliation.  However, class

4  actions provide the class members who are not named in the

5  complaint anonymity that allows for the vindication of their

6  rights.

7      14.   There are common questions of law and fact as to the class members

8  that predominate over questions affecting only individual members.  The

9  following common questions of law or fact, among others, exist as to the

10  members of the class:

11      a.   Whether Defendants' failure to pay wages, without abatement

12      or reduction, in accordance with the California Labor Code,

13      was willful;

14      b.   Whether Defendants' had a corporate policy and practice of

15      failing to pay their hourly-paid or non-exempt employees

16      within the State of California for all hours worked, missed

17      meal periods and rest breaks in violation of California law;

18      c.   Whether Defendants required Plaintiff and the other class

19      members to work over eight (8) hours per day and/or over

20      forty (40) hours per week and failed to pay the legally required

21      overtime compensation to Plaintiff and the other class

22      members;

23      d.   Whether Defendants deprived Plaintiff and the other class

24      members of meal and/or rest periods or required Plaintiff and

25      the other class members to work during meal and/or rest

26      periods without compensation;

27      e.   Whether Defendants failed to pay minimum wages to Plaintiff

28      and the other class members for all hours worked;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  f.   Whether Defendants failed to pay all wages due to Plaintiff
2       and the other class members within the required time upon
3       their discharge or resignation;

4  g.   Whether Defendants failed to timely pay all wages due to
5       Plaintiff and the other class members during their
6       employment;

7  h.   Whether Defendants complied with wage reporting as required
8       by the California Labor Code; including, *inter alia*,
9       section 226;

10 i.   Whether Defendants kept complete and accurate payroll
11      records as required by the California Labor Code, including,
12      *inter alia*, section 1174(d);

13 j.   Whether Defendants failed to reimburse Plaintiff and the other
14      class members for necessary business-related expenses and
15      costs;

16 k.   Whether Defendants' conduct was willful or reckless;

17 l.   Whether Defendants engaged in unfair business practices in
18      violation of California Business & Professions Code section
19      17200, et seq.;

20 m.   The appropriate amount of damages, restitution, and/or
21      monetary penalties resulting from Defendants' violation of
22      California law; and

23 n.   Whether Plaintiff and the other class members are entitled to
24      compensatory damages pursuant to the California Labor Code.

25 <u>**GENERAL ALLEGATIONS**</u>

26      15.   At all relevant times set forth herein, Defendants employed Plaintiff
27 and other persons as hourly-paid or non-exempt employees within the State of
28 California, including the County of Riverside.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

16.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt "Maintenance Mechanic," from approximately April 2013 to approximately June 2014, in the State of California, County of Riverside. As a "Maintenance Mechanic," Plaintiff's job duties included, but were not limited to, repairing machines, responding to pages, tracking work orders, and performing the pass down.

17.     Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt, and failed to compensate them for all hours worked and short, late, interrupted, and/or missed meal periods and/or rest periods.

18.     Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

19.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

20.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

21.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

22.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

23.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, *inter alia*, failing to pay them for all hours worked, and

1   short, late, interrupted and/or missed meal periods and rest breaks in violation of

2   California law.

3       24.   Plaintiff is informed and believes, and based thereon alleges, that

4   Defendants knew or should have known that Plaintiff and the other class

5   members were entitled to receive certain wages for overtime compensation and

6   that they were not receiving wages for overtime compensation for off the clock

7   hours worked.  Defendants failed to, *inter alia*, compensate Plaintiff and the

8   other class members for job duties performed off the clock including, but not

9   limited to, donning and doffing, responding to pages and business-related

10  questions, repairing machines, and performing the pass down.

11      25.   Plaintiff is informed and believes, and based thereon alleges, that

12  Defendants failed to provide Plaintiff and the other class members the required

13  rest and meal periods during the relevant time period as required under the

14  Industrial Welfare Commission Wage Orders and thus they are entitled to any

15  and all applicable penalties.

16      26.   Plaintiff is informed and believes, and based thereon alleges, that

17  Defendants failed to relieve Plaintiff and other class members of all duties, failed

18  to relinquish control over Plaintiff and the other class members' activities, failed

19  to permit Plaintiff and other class members a reasonable opportunity to take, and

20  impeded or discouraged them from taking, thirty (30) minute uninterrupted meal

21  breaks no later than the end of their fifth hour of work for shifts lasting at least

22  six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks

23  no later than their tenth hour of work for shifts lasting more than ten (10) hours.

24      27.   Plaintiff is informed and believes, and based thereon alleges, that

25  Defendants knew or should have known that Plaintiff and the other class

26  members were entitled to receive all meal periods or payment of one additional

27  hour of pay at Plaintiff's and the other class member's regular rate of pay when a

28  meal period was short, late, interrupted, and/or missed, and they did not receive

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 all meal periods or payment of one additional hour of pay at Plaintiff's and the

2 other class member's regular rate of pay when a meal period was short, late,

3 interrupted, and/or missed.

4    28.    Plaintiff is informed and believes, and based thereon alleges, that

5 Defendants failed to provide, authorize, and permit Plaintiff and other class

6 members to take full, uninterrupted, off-duty rest periods for every shift lasting

7 three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty

8 rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a

9 good faith effort to authorize, permit, and provide such rest breaks in the middle

10 of each work period.

11    29.    Plaintiff is informed and believes, and based thereon alleges, that

12 Defendants knew or should have known that Plaintiff and the other class

13 members were entitled to receive all rest periods or payment of one additional

14 hour of pay at Plaintiff's and the other class member's regular rate of pay when a

15 rest period was short, late, interrupted, or missed, and they did not receive all rest

16 periods or payment of one additional hour of pay at Plaintiff's and the other class

17 members' regular rate of pay when a rest period was missed.

18    30.    Plaintiff is informed and believes, and based thereon alleges, that

19 Defendants knew or should have known that Plaintiff and the other class

20 members were entitled to receive at least minimum wages for compensation and

21 that they were not receiving at least minimum wages for all hours worked.

22 Defendants' failure to pay minimum wages included, *inter alia*, Defendants'

23 effective payment of zero dollars per hour for hours Plaintiff and the other class

24 members worked off the clock performing work duties.

25    31.    Plaintiff is informed and believes, and based thereon alleges, that

26 Defendants knew or should have known that Plaintiff and the other class

27 members were entitled to receive all wages owed to them upon discharge or

28 resignation, including overtime, minimum wages, and meal and rest period

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

1  premiums, and they did not, in fact, receive all such wages owed to them at the

2  time of their discharge or resignation.

3       32.    Plaintiff is informed and believes, and based thereon alleges, that

4  Defendants knew or should have known that Plaintiff and the other class

5  members were entitled to receive all wages owed to them during their

6  employment.  Plaintiff and the other class members did not receive payment of

7  all wages, including overtime and minimum wages and meal and rest period

8  premiums, within any time permissible under California Labor Code section 204.

9       33.    Plaintiff is informed and believes, and based thereon alleges, that

10 Defendants knew or should have known that Plaintiff and the other class

11 members were entitled to receive complete and accurate wage statements in

12 accordance with California law, but, in fact, they did not receive complete and

13 accurate wage statements from Defendants.  The deficiencies included, *inter alia*,

14 the failure to include the accurate total number of hours worked by Plaintiff and

15 the other class members and the accurate total amount of wages earned by

16 Plaintiff and the other class members.

17      34.    Plaintiff is informed and believes, and based thereon alleges, that

18 Defendants knew or should have known that Defendants had to keep complete

19 and accurate payroll records for Plaintiff and the other class members in

20 accordance with California law, but, in fact, did not keep complete and accurate

21 payroll records.  Defendants' failure included, *inter alia*, to keep accurate records

22 of the hours worked and wages earned by Plaintiff and the other class members.

23      35.    Plaintiff is informed and believes, and based thereon alleges, that

24 Defendants knew or should have known that Plaintiff and the other class

25 members were entitled to reimbursement for all necessary business-related

26 expenses including, but not limited to, the costs of purchasing protective

27 footwear, the costs of providing tools, and the use of personal vehicles for

28 business-related travel.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

37.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

38.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

39.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

40.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

41.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

42.     At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

43.     At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.
///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

44. At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

45. At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

46. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against QG PRINTING CORP., QUAD/GRAPHICS, QUAD GRAPHICS, and DOES 1 through 100)

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, and each and every part thereof with the same force and effect as though fully set forth herein.

48. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis, including any incentive pay.

49. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (4) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

50.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

51.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

52.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week including performing work duties off the clock including, but not limited to, donning and doffing, responding to pages and business-related questions, repairing machines, and performing the pass down.

53.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members, including failing to properly calculating the overtime rate.  Plaintiff and the other class members did not receive overtime compensation at one and one-half times or twice their regular rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week.

54.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

///

///

First Amended Class Action Complaint For Damages and Demand for Jury Trial

55.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

### SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against QG PRINTING CORP., QUAD/GRAPHICS,**

**QUAD GRAPHICS, and DOES 1 through 100)**

56.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55, and each and every part thereof with the same force and effect as though fully set forth herein.

57.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

58.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

59.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

60.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 no more than twelve (12) hours, the second meal period may be waived by

2 mutual consent of the employer and the employee only if the first meal period

3 was not waived.

4       61.    During the relevant time period, Plaintiff and the other class

5 members who were scheduled to work for a period of time no longer than six (6)

6 hours, and who did not waive their legally-mandated meal periods by mutual

7 consent, were required to work for periods longer than five (5) hours without an

8 uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

9 During the relevant time period, Plaintiff's and the other class members' meal

10 periods were missed, short, late, and/or interrupted because Defendants required

11 them to perform work duties including, but not limited to, responding to pages

12 and business-related questions and repairing machines.

13       62.    During the relevant time period, Plaintiff and the other class

14 members who were scheduled to work for a period of time in excess of six (6)

15 hours were required to work for periods longer than five (5) hours without an

16 uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

17       63.    During the relevant time period, Defendants intentionally and

18 willfully required Plaintiff and the other class members to work during meal

19 periods and failed to compensate Plaintiff and the other class members the full

20 meal period premium for work performed during meal periods.

21       64.    During the relevant time period, Defendants failed to pay Plaintiff

22 and the other class members the full meal period premium due pursuant to

23 California Labor Code section 226.7.

24       65.    Defendants' conduct violates applicable IWC Wage Order and

25 California Labor Code sections 226.7 and 512(a).

26 ///

27 ///

28 ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

66.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

**(Violation of California Labor Code § 226.7)**

**(Against QG PRINTING CORP., QUAD/GRAPHICS,**

**QUAD GRAPHICS, and DOES 1 through 100)**

67.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 66, and each and every part thereof with the same force and effect as though fully set forth herein.

68.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

69.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

70.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

71.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

72.     During the relevant time period, Plaintiff's and the other class members' rest periods were missed, short, late, and/or interrupted because

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

1    Defendants required them to perform work duties including, but not limited to,

2    responding to pages and business-related questions and repairing machines.

3        73.    As a result, Defendant failed to provide, authorize, or permit Plaintiff

4    and the other class members to take a full, uninterrupted, off-duty rest period for

5    every shift lasting three and one-half (3.5) to six (6) hours and/or two full,

6    uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours

7    and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten

8    (10) hours to fourteen (14) hours, and failed to make a good faith effort to

9    authorize, permit, and provide such rest breaks in the middle of each work

10   period.

11       74.    During the relevant time period, Defendants willfully required

12   Plaintiff and the other class members to work during rest periods and failed to

13   pay Plaintiff and the other class members the full rest period premium for work

14   performed during rest periods.

15       75.    During the relevant time period, Defendants failed to pay Plaintiff

16   and the other class members the full rest period premium due pursuant to

17   California Labor Code section 226.7.

18       76.    Defendants' conduct violates applicable IWC Wage Orders and

19   California Labor Code section 226.7.

20       77.    Pursuant to the applicable IWC Wage Orders and California Labor

21   Code section 226.7(b), Plaintiff and the other class members are entitled to

22   recover from Defendants one additional hour of pay at the employees' regular

23   hourly rate of compensation for each work day that the rest period was not

24   provided.

25   ///

26   ///

27   ///

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

17

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### FOURTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against QG PRINTING CORP., QUAD/GRAPHICS,**

**QUAD GRAPHICS, and DOES 1 through 100)**

78.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

79.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

80.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

81.     During the relevant time period, Plaintiff and the other class members were required to perform job duties off the clock, including, but not limited to, donning and doffing, responding to pages and business-related questions, repairing machines, and performing the pass down.

82.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

83.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

///

84.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against QG PRINTING CORP., QUAD/GRAPHICS, QUAD GRAPHICS, and DOES 1 through 100)

85.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 84, and each and every part thereof with the same force and effect as though fully set forth herein.

86.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

87.    During the relevant time period, Plaintiff and the other class members were required to perform job duties off the clock, including, but not limited to, donning and doffing, responding to pages and business-related questions, repairing machines, and performing the pass down.

88.    During the relevant time period, Plaintiff and the other class members were not compensated at the minimum wage for the time they spent performing job duties off the clock.

89.    During the relevant time period, Plaintiff and the other class members were not paid overtime wages owed to them for all the time they spent performing job duties off the clock in excess of eight (8) hours in a day or forty

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 (40) hours in a week or for the first eight (8) hours worked on the seventh day of

2 work.

3       90.    During the relevant time period, Plaintiff and the other class

4 members were required to perform work duties, including, but not limited to,

5 responding to pages and business-related questions and repairing machines,

6 which resulted in missed, short, late, and/or interrupted meal periods.

7       91.    During the relevant time period, Plaintiff and the other class

8 members' rest periods were missed, short, late, and/or interrupted because

9 Defendant required them to perform work duties, including, but not limited to,

10 responding to pages and business-related questions and repairing machines.

11       92.    During the relevant time period, Plaintiff and the other class

12 members were not paid the full meal period premium for work performed during

13 meal periods, which were due pursuant to California Labor Code section 226.7.

14       93.    During the relevant time period, Plaintiff and other class members

15 were not paid the full rest period premium for work performed during rest

16 periods, which were due pursuant to California Labor Code section 226.7.

17       94.    As a result, during the relevant time period, Plaintiff and the other

18 class members did not receive all of their wages, earned and unpaid, within

19 seventy-two (72) hours of leaving Defendants' employ.

20       95.    During the relevant time period, Defendants intentionally and

21 willfully failed to pay Plaintiff and the other class members who are no longer

22 employed by Defendants their wages, earned and unpaid, within seventy-two

23 (72) hours of their leaving Defendants' employ.

24       96.    Defendants' failure to pay Plaintiff and the other class members who

25 are no longer employed by Defendants' their wages, earned and unpaid, within

26 seventy-two (72) hours of their leaving Defendants' employ, is in violation of

27 California Labor Code sections 201 and 202.

28 ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

97.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

98.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

**(Violation of California Labor Code § 204)**

**(Against QG PRINTING CORP., QUAD/GRAPHICS,**

**QUAD GRAPHICS, and DOES 1 through 100)**

99.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 98, and each and every part thereof with the same force and effect as though fully set forth herein.

100.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

101.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

102.   At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

103.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, including earned and unpaid minimum, overtime, and premium wages, within any time period permissible under California Labor Code section 204.

104.   Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against QG PRINTING CORP., QUAD/GRAPHICS,**

**QUAD GRAPHICS, and DOES 1 through 100)**

105.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

106.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by

///

1    the employer for at least three years at the place of employment or at a central

2    location within the State of California.

3        107.   Defendants have intentionally and willfully failed to provide Plaintiff

4    and the other class members with complete and accurate wage statements. The

5    deficiencies include, but are not limited to: the failure to include the accurate

6    total number of hours worked by Plaintiff and the other class members and the

7    accurate amount of wages earned.  Because Plaintiff's and the other class

8    members' wage statements did not reflect this information, Plaintiff and the other

9    class members were unable to determine the total amount they were owed, and

10   were unable to verify they were paid the proper amount.  In order to determine

11   how much Plaintiff and the other class members should have been paid, Plaintiff

12   and the other class members would have had to engage in discovery and

13   mathematical computations in order to reconstruct the missing information.

14       108.   As a result of Defendants' violation of California Labor Code section

15   226(a), Plaintiff and the other class members have suffered injury and damage to

16   their statutorily-protected rights.

17       109.   More specifically, Plaintiff and the other class members have been

18   injured by Defendants' intentional and willful violation of California Labor Code

19   section 226(a) because they were denied both their legal right to receive, and

20   their protected interest in receiving, accurate and itemized wage statements

21   pursuant to California Labor Code section 226(a).

22       110.   Plaintiff and the other class members are entitled to recover from

23   Defendants the greater of their actual damages caused by Defendants' failure to

24   comply with California Labor Code section 226(a), or an aggregate penalty not

25   exceeding four thousand dollars per employee.

26       111.   Plaintiff and the other class members are also entitled to injunctive

27   relief to ensure compliance with this section, pursuant to California Labor Code

28   section 226(g).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code § 1174(d))**

**(Against QG PRINTING CORP., QUAD/GRAPHICS,**

**QUAD GRAPHICS, and DOES 1 through 100)**

112.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 111, and each and every part thereof with the same force and effect as though fully set forth herein.

113.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

114.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the accurate number of hours worked daily and the wages paid, to Plaintiff and the other class members.

115.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

116.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

///

///

**NINTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 2800 and 2802)**

**(Against QG PRINTING CORP., QUAD/GRAPHICS,**

**QUAD GRAPHICS, and DOES 1 through 100)**

117.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 116, and each and every part thereof with the same force and effect as though fully set forth herein.

118.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

119.   Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants including, but not limited to, the costs of purchasing protective footwear, the costs of providing tools, and the use of personal vehicles for business-related travel.

120.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC

410 West Arden Avenue, Suite 203
Glendale, California 91203

**TENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against QG PRINTING CORP., QUAD/GRAPHICS,**

**QUAD GRAPHICS, and DOES 1 through 100)**

121.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 120, and each and every part thereof with the same force and effect as though fully set forth herein.

122.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

123.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

124.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code

///

1    sections 201, 202 and 204.  Defendants also violated California Labor Code

2    sections 226(a), 1174(d), 2800 and 2802.

3        125.  As a result of the herein described violations of California law,

4    Defendants unlawfully gained an unfair advantage over other businesses.

5        126.  Plaintiff and the other class members have been personally injured

6    by Defendants' unlawful business acts and practices as alleged herein, including

7    but not necessarily limited to the loss of money and/or property.

8        127.  Pursuant to California Business & Professions Code sections 17200,

9    et seq., Plaintiff and the other class members are entitled to restitution of the

10   wages withheld and retained by Defendants during a period that commences June

11   3, 2012; an award of attorneys' fees pursuant to California Code of Civil

12   procedure section 1021.5 and other applicable laws; and an award of costs.

13                              **DEMAND FOR JURY TRIAL**

14       Plaintiff, individually, and on behalf of other members of the general

15   public similarly situated, requests a trial by jury.

16                               **PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiff, individually and on behalf of all other members

18   of the general public similarly situated, prays for relief and judgment against

19   Defendants, jointly and severally, as follows:

20                               **Class Certification**

21   1.    That this action be certified as a class action;

22   2.    That Plaintiff be appointed as the representative of the Class;

23   3.    That counsel for Plaintiff be appointed as Class Counsel; and

24   4.    That Defendants provide to Class Counsel immediately the names

25   and most current contact information (address, e-mail and telephone numbers) of

26   all class members.

27   ///

28   ///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the First Cause of Action**

5.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.   For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.   For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.   For such other and further relief as the court may deem just and proper.

**As to the Second Cause of Action**

10.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.   That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.   For all actual, consequential, and incidental losses and damages, according to proof;

13.   For premium wages pursuant to California Labor Code section 226.7(b);

14.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.   For reasonable attorneys' fees and costs of suit incurred herein; and

28

1   16.   For such other and further relief as the court may deem just and

2   proper.

3   **As to the Third Cause of Action**

4   17.   That the Court declare, adjudge and decree that Defendants violated

5   California Labor Code section 226.7 and applicable IWC Wage Orders by

6   willfully failing to provide all rest periods to Plaintiff and the other class

7   members;

8   18.   That the Court make an award to Plaintiff and the other class

9   members of one (1) hour of pay at each employee's regular rate of compensation

10   for each workday that a rest period was not provided;

11   19.   For all actual, consequential, and incidental losses and damages,

12   according to proof;

13   20.   For premium wages pursuant to California Labor Code section

14   226.7(b);

15   21.   For pre-judgment interest on any unpaid wages from the date such

16   amounts were due; and

17   22.   For such other and further relief as the court may deem just and

18   proper.

19   **As to the Fourth Cause of Action**

20   23.   That the Court declare, adjudge and decree that Defendants violated

21   California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to

22   pay minimum wages to Plaintiff and the other class members;

23   24.   For general unpaid wages and such general and special damages as

24   may be appropriate;

25   25.   For statutory wage penalties pursuant to California Labor Code

26   section 1197.1 for Plaintiff and the other class members in the amount as may be

27   established according to proof at trial;

28   ///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

26.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.   For liquidated damages pursuant to California Labor Code section 1194.2; and

29.   For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

30.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.   For all actual, consequential, and incidental losses and damages, according to proof;

32.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.   For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

35.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    36.   For all actual, consequential, and incidental losses and damages,

2  according to proof;

3    37.   For pre-judgment interest on any unpaid compensation from the date

4  such amounts were due; and

5    38.   For such other and further relief as the court may deem just and

6  proper.

7    **As to the Seventh Cause of Action**

8    39.   That the Court declare, adjudge and decree that Defendants violated

9  the record keeping provisions of California Labor Code section 226(a) and

10  applicable IWC Wage Orders as to Plaintiff and the other class members, and

11  willfully failed to provide accurate itemized wage statements thereto;

12    40.   For actual, consequential and incidental losses and damages,

13  according to proof;

14    41.   For statutory penalties pursuant to California Labor Code section

15  226(e);

16    42.   For injunctive relief to ensure compliance with this section, pursuant

17  to California Labor Code section 226(g); and

18    43.   For such other and further relief as the court may deem just and

19  proper.

20    **As to the Eighth Cause of Action**

21    44.   That the Court declare, adjudge and decree that Defendants violated

22  California Labor Code section 1174(d) by willfully failing to keep accurate and

23  complete payroll records for Plaintiff and the other class members as required by

24  California Labor Code section 1174(d);

25    45.   For actual, consequential and incidental losses and damages,

26  according to proof;

27    46.   For statutory penalties pursuant to California Labor Code section

28  1174.5; and

31

1  47.  For such other and further relief as the court may deem just and

2  proper.

### As to the Ninth Cause of Action

4  48.  That the Court declare, adjudge and decree that Defendants violated

5  California Labor Code sections 2800 and 2802 by willfully failing to reimburse

6  Plaintiff and the other class members for all necessary business-related expenses

7  as required by California Labor Code sections 2800 and 2802;

8  49.  For actual, consequential and incidental losses and damages,

9  according to proof;

10  50.  For the imposition of civil penalties and/or statutory penalties;

11  51.  For reasonable attorneys' fees and costs of suit incurred herein;

12  52.  For such other and further relief as the Court may deem just and

13  proper.

### As to the Tenth Cause of Action

15  53.  That the Court decree, adjudge and decree that Defendants violated

16  California Business and Professions Code sections 17200, et seq. by failing to

17  provide Plaintiff and the other class members all overtime compensation due to

18  them, failing to provide all meal and rest periods to Plaintiff and the other class

19  members, failing to pay at least minimum wages to Plaintiff and the other class

20  members, failing to pay Plaintiff's and the other class members' wages timely as

21  required by California Labor Code section 201, 202 and 204, and by violating

22  California Labor Code sections 226(a), 1174(d), 2800 and 2802.

23  54.  For restitution of unpaid wages to Plaintiff and all the other class

24  members and all pre-judgment interest from the day such amounts were due and

25  payable;

26  55.  For the appointment of a receiver to receive, manage and distribute

27  any and all funds disgorged from Defendants and determined to have been

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  wrongfully acquired by Defendants as a result of violation of California Business

2  and Professions Code sections 17200, et seq.;

3       56.   For reasonable attorneys' fees and costs of suit incurred herein

4  pursuant to California Code of Civil Procedure section 1021.5;

5       57.   For injunctive relief to ensure compliance with this section, pursuant

6  to California Business and Professions Code sections 17200, et seq.; and

7       58.   For such other and further relief as the court may deem just and

8  proper.

9  Dated: November 8, 2016          **LAWYERS *for* JUSTICE, PC**

10

11            By:  /s/ Edwin Aiwazian

12                Edwin Aiwazian
              *Attorneys for* Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL