UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 17-3241 DSF (AFMx) | Date | 7/28/17 |
| Title | Phyllis Franke v. Anderson Merchandisers LLC | | |

DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff Phyllis Franke's Motion to Remand (Dkt. 13) and GRANTING Defendant Anderson Merchandisers LLC's Motion to Dismiss (Dkt. 23)

## I.   BACKGROUND

Plaintiff Phyllis Franke filed this putative class action in California Superior Court, County of Ventura, against Defendant Anderson Merchandisers LLC (Anderson). Notice of Removal (NOR), Ex. A (Compl.). The class is defined as "[a]ll current and former hourly-paid or non-exempt employees who worked for [Defendant] within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." Compl. ¶ 13. Franke brings claims for (1) unpaid overtime, (2) unpaid meal period premiums, (3) unpaid rest period premiums, (4) unpaid minimum wages, (5) failure to timely pay final wages upon termination, (6) failure to timely pay wages during employment, (7) failure to provide accurate wage statements, (8) failure to keep requisite payroll records, (9) unreimbursed business expenses, and (10) unlawful business acts and practices. Anderson removed the action under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2) and diversity of citizenship, 28 U.S.C. § 1332(a). NOR at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Franke moves to remand and Anderson moves to dismiss Franke's First Amended Complaint (FAC).[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## II.     MOTION TO REMAND

### A.     Legal Standard

CAFA gives federal courts original jurisdiction over class actions involving at least 100 class members, minimal diversity, and at least $5 million in controversy. 28 U.S.C. § 1332(d). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). In a notice of removal, a defendant need only plausibly allege that these prerequisites are met. Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 553 (2014). Once confronted with a motion to remand, however, the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence. Id. at 553-54. On a motion to remand, both "parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Ibarra, 775 F.3d at 1199-1200. There is no presumption against removal under CAFA. Dart Cherokee, 135 S. Ct. at 554. A defendant may establish the amount in controversy by relying on admissible statistical evidence taken from a representative sample and extrapolated to calculate the potential liability for the full class. LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1202-03 (9th Cir. 2015).

### B.     Discussion

#### 1.     CAFA Jurisdiction

The parties dispute the "amount in controversy" element of CAFA jurisdiction. Mot. to Remand (MTR) at 10-24; MTR Opp. at 14-22. Anderson contends the amount in controversy for CAFA jurisdiction is $7,048,712.10, broken down as follows:

| Claim | Amount in Controversy |
|---|---|
| Daily Unpaid Overtime | $830,054.40 |

---

[1] The Court refers to the original complaint when evaluating jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| Weekly Unpaid Overtime | $67,590.14 |
|---|---|
| Meal Break Premiums | $829,807.36 |
| Rest Break Premiums | $876,003.84 |
| Minimum Wage Penalties | $1,146,450.00 |
| Inaccurate Wage Statements | $461,250.00 |
| Waiting Time Penalties | $1,427,814.00[2] |
| Attorneys' Fees | $1,409,742.40[3] |
| **Total** | $7,048,712.10[4] |

NOR ¶ 67; MTR Opp. at 21-22. Franke argues Anderson has not sufficiently established these amounts.

### a. Meal and Rest Break Premiums

California Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period." The penalty for violation of section 226.7(b) is "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7(c). "Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty (30) minutes." Cal. Code Regs. tit. 8, § 11140. Further, employers must provide rest breaks at the rate of ten minutes for every four hours - or major fraction thereof - worked. Id. Under her UCL claim, Franke seeks restitution of wages going back four years for Anderson's failure to provide meal and rest breaks. Compl. ¶¶ 113, 116.

Anderson calculated the meal break premium amount in controversy by counting the number of days in which an employee's average hours worked per day for a given pay period was five hours or more and then multiplying this number by an assumed 50% rate of violation and the average hourly rate of these members. NOR ¶ 58; MTR Opp. at 16-17. For the rest break premium amount, Anderson applied the same methodology, except that it counted the number of days in which an employee's average hours worked

---

[2] Anderson apparently miscalculated this figure. Using the personnel data it provided, the correct amount is $1,408,776.48. See NOR ¶ 65; id., Ex. C (Adams Decl.) ¶¶ 5, 8.
[3] The correct figure, using Anderson's calculation method, is $1,404,983.06.
[4] The correct figure is $7,024,915.28.

per day for a pay period was three-and-a-half hours or more.[5] NOR ¶ 61; MTR Opp. at 17-19.

Franke argues that it is unreasonable for Anderson to assume a 50% violation rate. MTR at 6-7. But Franke alleges Anderson engaged in a "uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California, [which] involved, inter alia, failing to pay them for . . . missed meal periods and rest breaks in violation of California law." Compl. ¶ 25. Franke also alleges that, "[a]t all material times . . . Defendant[] failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members." Compl. ¶ 38. Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a "uniform" illegal practice - or other similar language - and where the plaintiff offers no evidence rebutting this violation rate. See, e.g., Unutoa v. Interstate Hotels and Resorts, Inc., No. CV-14-09809-SVW (PJWx), 2015 WL 898512, at *2-3 (C.D. Cal. Mar. 3, 2015). Franke's allegations go beyond the "pattern and practice of labor law violations" alleged in Ibarra and found not necessarily to mean *always* doing something. 775 F.3d at 1199 .

Franke's allegations explicitly describe a uniform practice, and fail to include any modifying language to suggest less than uniform violations. Cf. Ibarra, 775 F.3d at 1199 (holding that allegations of violations occurring on "multiple occasions" are insufficient to support an assumed 100% rate of violation, because such language precludes a conclusion that violations occurred on every occasion possible); Garza v. Brinderson Constructors, Inc., 178 F. Supp. 3d 906, 911 (N.D. Cal. Apr. 4, 2016) (rejecting assumption of a 100% violation rate where Plaintiff alleged he "regularly worked shifts of eight to twelve hours per day without being afforded a meal break during the first five hours").

Given Franke's broad allegations and failure to provide any rebutting evidence, Anderson would be justified in using a 100% violation rate. Rather than count the number of actual shifts of sufficient duration that were worked, Anderson assumes an employee missed five meal or rest breaks for every bi-weekly pay period - or a 50% rate -

---

[5] For its calculations of the meal and rest break amounts in controversy, Anderson determined the number of days with average hours worked of five or three-and-a-half hours or more - as appropriate - by utilizing a sample time period from January 1, 2016 through April 15, 2017 and extrapolating the data. NOR ¶ 58. The Court finds this methodology suitable. See LaCross, 775 F.3d at 1202-03.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

in which the employee averaged a workday lasting at least five or three-and-a-half hours, respectively. NOR ¶ 58; MTR Opp. at 17. Franke takes issue with this methodology, but cites no authority that a defendant is required to count shifts. Franke then argues the 50% rate is unreliable because in theory an average bi-weekly work period can consist of eight days with hours worked under the requisite meal or rest-break thresholds and two days with hours worked significantly above these thresholds. MTR at 17-18. Although such a work schedule may be possible in the abstract, in light of the declaration from Raquel Adams, Anderson's Director of Human Capital Management, stating that "all California non-exempt, hourly full-time employees generally work a consistent schedule per workweek with approximately the same amount of hours worked each day," MTR Opp., Ex. 1 (Adams Supp. Decl.) ¶ 7,[6] and the lack of any rebuttal evidence from Franke, the Court finds Anderson has proven the meal and rest break premium amounts by a preponderance of the evidence.

  b. <u>**Waiting Time Penalties**</u>

An employer's failure to timely pay wages owed pursuant to sections 201 or 202 results in a penalty of the employee's wages for every day that is late, up to a maximum of thirty days' wages. Cal. Labor Code § 203. Anderson adopts the thirty-day maximum for its waiting time penalties calculation. NOR ¶ 65; MTR Opp. at 19. The statute of limitations for a waiting time penalties claim under sections 201 and 202 is three years. See <u>Pineda v. Bank of Am., N.A.</u>, 50 Cal. 4th 1389, 1401 (2010); Cal. Civ. Proc. Code § 338(a). Anderson calculates the amount in controversy by multiplying the average hourly rate ($15.44), average hours worked per day (7.4), and total terminated employees within the limitation period (411) to arrive at $1,427,814.00 for the 30-day penalty period.[7] NOR ¶ 65. Accounting for what appears to be Anderson's miscalculation, Franke's fifth claim puts at least $1,408,776.48 in controversy.

Franke contends Anderson has not established the amount in controversy for her fifth claim because it has not provided evidence that class members would be entitled to maximum waiting time penalties. MTR at 21. In support of her argument, she cites <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994 (9th Cir. 2007) and <u>Garibay v. Archstone Communities LLC</u>, 539 F. App'x 763 (9th Cir. 2013). <u>Lowdermilk</u> applied

---

[6] The Court rejects Franke's objection to this statement in Adams' declaration. MTR Reply at 7. Adams had access to and reviewed records of California employees. NOR, Ex. C (Adams Decl.) ¶ 2. The Court finds an adequate foundation has been laid for her statement.
[7] Franke does not challenge these values.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

the "effectively overruled" "legal certainty" standard, Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013), and it is not clear how the issue would have been decided based on preponderance of the evidence.

In affirming the district court's order to remand, the Circuit in Garibay found a defendant improperly assumed maximum statutory waiting time penalties where it had not submitted any supporting evidence. Garibay, 539 F. App'x at 764. But in Lewis v. Verizon Communications, Inc., 627 F.3d 395 (9th Cir. 2010), the Circuit vacated a remand where a class plaintiff representing customers of defendant alleged defendant charged them for certain "unauthorized" services. Id. at 397. The district court concluded defendant's submission of an affidavit showing total billings over $5 million was insufficient because some of the billings could have been authorized. Id. at 400. The Circuit disagreed with that analysis, finding the affidavit sufficient because plaintiff had not (1) alleged relief under $5 million or (2) submitted any contrary evidence that some of the billings were authorized. Id. at 399-400. It went on to explain that "[t]he amount in controversy is simply an estimate of the total amount in dispute" for which "[defendant] need not concede liability." Id. at 400. Though Lewis is not a wage and hour case, it is instructive here.

To the extent Lewis and Garibay conflict, Lewis - as published precedent - controls. Accord Ritenour v. Carrington Mortg. Servs. LLC, 228 F. Supp. 3d 1025, 1030 n.4 (C.D. Cal. Jan. 5, 2017); Mejia v. DHL Express (USA), Inc., No. CV 15-890-GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015); Patel v. Nike Retail Servs., Inc., 58 F. Supp. 3d 1032, 1041 n.4 (N.D. Cal. July 21, 2014).

Franke alleges that "[a]t all material times set forth herein," Anderson failed to pay wages owed to Franke and class members "upon discharge or resignation . . . within any time permissible under California law." Compl. ¶¶ 40, 41. She further alleges that Anderson "engaged in a uniform policy and systematic scheme of wage abuse" and had "policies and practices of failing to timely pay wages." Compl. ¶¶ 25, 113. Given these broad and vague allegations, the lack of any allegation that Anderson paid overdue wages to employees within thirty days after they ended employment, and Franke's failure to submit any alternative evidence, the Court finds Anderson's estimate appropriate.

  c.  **Minimum Wage Penalties,**

Franke seeks both damages - under section 1194.2 - and penalties - under section 1197.1 - for Anderson's failure to pay minimum wages owed. Compl. ¶¶ 80-81.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Anderson looks only to penalties in calculating the amount in controversy. An employer must pay a penalty of $100 for the first failure to pay an employee minimum wages and $250 for each subsequent failure. Cal. Labor Code § 1197.1. Anderson assumes employees were not paid minimum wages for each pay period, NOR ¶ 56; MTR Opp. at 19, and uses a one-year statute of limitations, NOR ¶ 55 (citing Cal. Civ. Proc. Code § 340(a)). Anderson applies a $100 penalty for 267 initial pay periods and a $250 penalty for 4,479 subsequent pay periods for California employees within the one-year limitations period, putting $1,146,450.00 in controversy. NOR ¶ 56.

Franke submits no countervailing evidence, instead putting forth two arguments as to why Anderson's assumption that each member was not paid minimum wages for all pay periods is problematic. She first argues that her minimum wage allegations are derivative of her unpaid overtime allegations. MTR at 23. But Labor Code section 1194, which she relies on, explains that an employee who has been paid "less than the legal minimum wage or the legal overtime compensation is entitled to recover . . . the full amount of this minimum wage or overtime compensation." Further, Franke seeks both the "unpaid balance of overtime compensation," Compl. ¶¶ 54-55, and "the unpaid balance of [] minimum wage compensation," Compl. ¶ 79. Thus, from the allegations, these unpaid balances appear to be separate types of damages.

Franke also relies on her allegation that "Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation" to attack Anderson's use of maximum penalties for minimum wage violations. Compl. ¶ 79. Franke appears to suggest, in other words, that the phrase "unpaid *balance*" indicates not all wages went unpaid. But this allegation refers to damages stemming from Anderson's alleged failure to pay minimum wages under section 1194. Compl. ¶ 81. The amount in controversy, however, is calculated based on penalties due under 1197.1. Compl. ¶ 80.

As with waiting time penalties, the Court finds Anderson's estimate of minimum wage penalties sufficient in light of Franke's allegations of a "uniform policy and systematic scheme of wage abuse," failure to pay minimum wages "[a]t all material times," Compl. ¶ 39, and "policies and practices of failing to pay minimum wages," Compl. ¶ 113.

### d. Inaccurate Wage Statements

"An employee suffering injury as a result of a knowing and intentional failure by an employer" to provide accurate wage statements under section 226(a) "is entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Labor Code § 226(e)(1). Anderson assumes California employees received inaccurate pay stubs for all applicable pay periods and calculates the amount in controversy by applying penalties. NOR ¶ 63; MTR Opp. at 19-20. As discussed below, the statute of limitations for penalties under section 226(e)(1) is one year. Anderson applies a $50 penalty for 267 initial pay periods and a $100 penalty for 4,479 subsequent pay periods for California employees within the one-year limitations period, putting $461,250.00 in controversy.[8] Id.

Franke argues that Anderson does not support its use of a 100% wage statement violation rate with any evidence. But, where, as here, Franke fails to submit evidence showing a lower violation rate, Anderson can justify its estimate with Franke's pleadings. In arguing her pleadings do not justify Anderson's use of a 100% rate, Franke points to a sole paragraph in her complaint. MTR at 20. The first part of this paragraph alleges Anderson "intentionally and willfully failed to provide . . . complete and accurate wage statements." Compl. ¶ 96.[9] Referring to the latter portion of this allegation, Franke argues that she does not plead the wage statement lacks a "category of information," but just that the total hours worked were not accounted for on the statement. MTR at 20 (citing Compl. ¶ 96). First, the allegation specifies that the wage statement deficiencies are not limited to this shortcoming. Compl. ¶ 96. But, more importantly, if Franke's strongly-worded allegations of wage abuse and failure to pay all wages owed are true, then Anderson would have failed to issue accurate wage statements showing all hours. Coupled with Franke's allegation that "[a]t all material times set forth herein, [Anderson] failed to provide complete or accurate wage statements to Plaintiff and the other class members," Compl. ¶ 42, and the lack of alternative evidence, the Court finds Anderson was justified in its use of a 100% violation rate.

e. **Unpaid Overtime**

Anderson estimated daily unpaid overtime by determining the number of pay periods in which an employee worked on average 7.9 hours or more per day, assuming one hour of overtime went unpaid for each day in those periods, and multiplying these

---

[8] Because Anderson uses a bi-weekly pay period, NOR, Ex. C (Adams Decl.) ¶ 10, penalties for an employee receiving inaccurate pay stubs for a full year would be under $4,000.

[9] In her motion to remand, Franke mistakenly cites ¶ 100 of her complaint. MTR at 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

hours by the overtime rate, which is 1.5 times the average hourly rate of putative class members. NOR ¶ 52; id., Ex. C (Adams Decl.) ¶ 11; MTR Opp. at 14-15; id., Ex. 1 (Adams Decl.) ¶ 8. The Court ordered Anderson to submit supplemental briefing (1) explaining why it used an average of 7.9 hours and (2) calculating the amount in controversy using an average of 8 hours. The Court finds Anderson's explanation lacking. Further, its estimate using 8 hours has not been established by a preponderance of the evidence because Anderson has not adequately supported its assumption that one hour of overtime went unpaid on days where 8 hours were worked on average for a pay period.

Nevertheless, that some amount of unpaid overtime should be included in the amount in controversy is obvious, and simply bolsters the Court's conclusion that it has jurisdiction.

### f. Attorneys' Fees

Attorneys' fees are properly included in a calculation of the amount in controversy for diversity jurisdiction purposes. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Although some courts in this Circuit have concluded that only attorney's fees incurred as of the date of removal are properly included in the amount in controversy, this Court agrees with those that consider a reasonable estimate of the fees that can be anticipated at the time the action is resolved.

Although the Court does not necessarily agree with Anderson's approach to calculation of the fees, a reasonable amount - based on the damages amounts calculated above brings the amount in controversy to well over the amount required for CAFA jurisdiction.

### 2. Diversity Jurisdiction

Because the Court finds Anderson has established jurisdiction under 28 U.S.C. § 1332(d)(2), it need not decide whether it has jurisdiction under 28 U.S.C. § 1332(a).

Franke's motion to remand is DENIED. Having decided it has jurisdiction, the Court turns to Anderson's motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

### III.   MOTION TO DISMISS

#### A.   Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted).  But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94.  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  Id. (alteration in original; citation and internal quotation marks omitted).  A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

Leave to amend should be granted unless it is clear that the complaint cannot be cured by the allegation of different or additional facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In determining whether to grant leave to amend a complaint, a district court is guided by Rule 15(a), which states that "leave shall be freely given when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

justice so requires." Allen v. City of Beverly Hills, 911 F.2d 367, 343 (9th Cir. 1990) (internal quotation marks omitted).

**B.     Discussion**

   **1.     Failure to State a Claim**

In the context of wage claims, the Ninth Circuit has held that "[a]lthough . . . detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim, we do not agree that conclusory allegations that merely recite the statutory language are adequate." Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 644 (9th Cir. 2014), as amended (Jan. 26, 2015).  That would "run [ ] afoul of the Supreme Court's pronouncement in Iqbal that a Plaintiff's pleading burden cannot be discharged by '[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action.'" Id. (Iqbal, 556 U.S. at 678).  Instead, a plaintiff "may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." Id. at 645.  But at the very least, plaintiff "should be able to allege facts demonstrating that there was at least one workweek in which [she] worked in excess of forty hours and [was] not paid overtime wages." Id. at 646.  Although Landers dealt with an action filed under the Fair Labor Standards Act, id. at 639, it provides useful guidance on the factual specificity necessary to meet federal pleading standards in the wage-and-hour context.

Franke's unpaid overtime claim fails as she does not provide a single workday or workweek in which she worked more than eight or forty hours, respectively.  Her claims for failure to provide meal and rest breaks are similarly deficient because she fails to plead any instance when she did not receive such a break.  Franke also pleads insufficient facts for her unpaid minimum wages claim, such as a specific shift for which she did not receive minimum wages.  With regard to her inaccurate wage statements claim, Franke fails to identify a single deficient wage statement.  Franke alleges she did not receive any pay for "job duties performed before and/or after [her] scheduled shift[] such as undergoing a bag check, responding to business related inquiries, responding to telephone calls, stocking shelves, and building displays." FAC at 8 ¶ 26.  But without allegations of a day on which she performed such tasks outside of her regular schedule or a description

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

of her role as Retail Merchandiser,[10] Franke's pleadings "stop[] short of the line between possibility and plausibility of entitlement to relief." Landers, 771 F.3d at 641 (citing Iqbal, 556 U.S. at 678). Her waiting time penalties claim fails to allege what wages were due; to the extent she relies on the work performed outside of her shifts, the requisite factual specificity is lacking for the reasons stated above. For her unreimbursed business expenses claim, Franke alleges such expenses included "use of personal phones for business-related purposes, costs incurred to comply with Defendants' dress code, and costs incurred using their personal vehicles for work travel." FAC at 22 ¶ 105. First, Franke fails to provide a single instance when such a cost was incurred. Further, without facts regarding the nature of Franke's position - or of the expenses - the Court cannot reasonably infer these expenses were necessary for business purposes. Her last claim for unfair competition fails as it is based on her other seven claims. Franke's claims are dismissed with leave to amend.

### 2. <u>Statute of Limitations</u>

Anderson also seeks to dismiss, on statute of limitations grounds, Franke's claim for inaccurate wage statements and Franke's allegations regarding statutory penalties for her unreimbursed business expenses. Mot. to Dismiss (MTD) at 19-21. Section 226(e)(1) provides that "[a]n employee suffering injury . . . is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period . . . ." Cal. Labor Code § 226(e)(1). California has a one-year statute of limitations for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual . . . except if the statute imposing it prescribes a different limitation." Cal. Civ. Proc. Code § 340. However, California provides for a three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." Cal. Civ. Proc. Code § 338. Anderson contends an inaccurate wage statement claim brought under section 226(a) has a one-year statute of limitations, citing Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094 (2007). MTD at 19-20. The court in Murphy noted that plaintiff's wage statement claim was "undisputedly governed by a one-year statute of limitations." 40 Cal. 4th at 1118 n.16. But it appears the plaintiff there was seeking only penalties and not damages. See id. at 1101 ("[T]he trial court filed . . . a judgment awarding . . . penalties for failing to furnish itemized pay statements."); id. at 1119 ("If, as the Court of Appeal concluded, employees could not

---

[10] Aside from alleging Anderson employed her as a Retail Merchandiser, FAC at 7 ¶ 18, Franke provides no facts about her position.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

raise claims for itemized pay statement violations for the first time in a de novo hearing . . . [a]n employee could . . . forego the right to penalties for itemized pay statement violations, since by the time the Labor Commissioner issues a decision and a party files an appeal, the one-year statute of limitations governing penalties for itemized pay statement violations will almost certainly have run.").

The plain language of California Labor Code Section 226 provides for both actual damages and penalties.[11] Cal. Labor Code § 226(e)(1) (providing that an employee suffering injury as a result of a knowing and intentional failure to provide an accurate wage statement is entitled to the greater of (1) "all actual damages" or (2) specified penalties not to exceed $4,000.00. Accordingly, an inaccurate wage statement claim is subject to a three-year limitations period to the extent it seeks damages and a one-year limitations period to the extent it seeks penalties. Here, Franke seeks only damages for herself; she alleges the other class members are entitled to the greater of damages or penalties. FAC at 21 ¶ 100, 22 ¶ 101. Franke worked until September 2015 - and so would have purportedly received inaccurate wage statements until then; she then filed her complaint on March 17, 2017. See FAC at 7 ¶18. The Court rejects Anderson's statute-of-limitations argument for Franke's inaccurate wage statement claim for damages.

### 3. Improper Reliance on Penalty Statutes for UCL Claim

Anderson also seeks to dismiss allegations in Franke's UCL claim that rely on California Labor Code sections 204, 226(a), 1174(d), 1174.5, 1197.1, and 2802, which it argues are penalty statutes. MTD at 21-22. A private plaintiff's remedies under § 17200 are "generally limited to injunctive relief and restitution." See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003). Thus, courts have consistently held that civil penalties, including those provided for under a "borrowed" statute, are not available to private plaintiffs under § 17200. See, e.g., Kasky v. Nike, Inc., 27 Cal. 4th 939, 950 (2002) ("In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's remedies are generally limited to injunctive relief and restitution.") (internal quotations omitted).

The FAC alleges Franke was not paid in a timely manner as required by California Labor Code section 204. Under California law, the remedy when an employer violates Labor Code section 204 by failing to pay wages in a timely manner is a civil penalty.

---

[11] Anderson's comparison to California Labor Code Section 558 is unavailing. MTD at 20-21. In that statute, recovered wages are clearly listed as a civil penalty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Cal. Labor Code § 210. The remedy for a violation of section 1174(d) is "a civil penalty of $500." Cal. Labor Code § 1174.5. Sections 1197.1 and 2802 also provide for the imposition of penalties on violators. The Court therefore strikes without leave to amend references to California Labor Code sections 204, 1174(d), 1174.5, 1197.1, and 2802 in Franke's UCL claim.[12]

Anderson's motion to dismiss is GRANTED. The Court grants Franke leave to amend in accordance with this order. An amended complaint must be filed and served no later than August 21, 2017. Failure to file an amended complaint will result in dismissal of the complaint. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or new claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.

---

[12] Because section 226(a) provides for damages, which Franke seeks, the Court rejects Anderson's argument as to this provision.