WESLEY E. STOCKARD (Admitted *Pro Hac Vice*)
  wstockard@littler.com
RACHEL WERNER (Admitted *Pro Hac Vice*)
  rwerner@littler.com
**LITTLER MENDELSON, P.C.**
3344 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326
Telephone: 404.233.0330
Facsimile: 404.233.2361

ELIZABETH STAGGS WILSON, Bar No. 183160
  estaggs-wilson@littler.com
HOVANNES G. NALBANDYAN, Bar No. 300364
  hnalbandyan@littler.com
**LITTLER MENDELSON, P.C.**
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendant
ANDERSON MERCHANDISERS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS FRANKE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANDERSON MERCHANDISERS LLC, an unknown business entity and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.  2:17-cv-03241 DSF (AFMx)<br><br>Hon. Dale S. Fischer, Dept. 7d, presiding<br>Hon. Alexander MacKinnon, Magistrate<br><br>**JOINT STIPULATION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND, UPON APPROVAL, JOINTLY STIPULATING TO DISMISSAL OF PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND THE CLAIMS OF PUTATIVE CLASS MEMBERS WITHOUT PREJUDICE** |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

**JOINT STIPULATION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND, UPON APPROVAL, JOINTLY STIPULATING TO DISMISSAL OF PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND THE CLAIMS OF PUTATIVE CLASS MEMBERS WITHOUT PREJUDICE**

Plaintiff Phyllis Franke ("Plaintiff") and Defendant Anderson Merchandisers, LLC ("Defendant") (collectively herein, the "Parties"), by and through their respective undersigned counsel, hereby request that the Court approve the Settlement Agreement and Release ("Settlement Agreement") (attached as **Exhibit 1**), and, upon Court approval of the Settlement Agreement, jointly stipulate to the dismissal of all of Plaintiff's individual claims in the above-entitled action with prejudice and all the claims of putative class members in the above-entitled action without prejudice. This Stipulation is made and entered into by and between counsel, with reference to the following facts:

1. On March 17, 2017, Plaintiff, a former Retail and Sales Merchandiser, filed a representative action asserting various wage and hour-related claims under the California Labor Code, as well as a derivative claim asserted under California's Unfair Competition Law, California Business and Professions Code section 17200, et seq. against Defendant. (Compl., Dkt. #1-1.)

2. Defendant timely removed the case to the Central District of California on April 28, 2017. (Dkt. # 1.)

3. Defendant engaged in extensive motion practice to dismiss the lawsuit, which ultimately resulted in Plaintiff filing a First Amended Class Action Complaint for Damages on May 15, 2017 (Dkt. # 14), a Second Amended Class Action Complaint for Damages on July 31, 2017 (Dkt. # 39), and a Third Amended Class Action Complaint for Damages ("TAC" or "Third Amended Complaint") on September 11, 2017 (Dkt. # 48).

4. By way of her TAC, Plaintiff sought to represent "[a]ll current and former hourly paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from March 17, 2013 to final judgment." (TAC, ¶ 12.)

5. By way of her TAC, Plaintiff alleged claims for: (1) unpaid overtime wages in violation of Labor Code sections 510 and 1198; (2) meal period violations

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2

**JOINT STIPULATION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND, UPON APPROVAL, JOINTLY STIPULATING TO DISMISSAL OF PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND THE CLAIMS OF PUTATIVE CLASS MEMBERS WITHOUT PREJUDICE**

1  under Labor Code sections 226.7 and 512(a); (3) rest period violations under Labor
2  Code section 226.7; (4) unpaid minimum wages in violation of Labor Code section
3  1194, 1197 and 1197.1; (5) final wages not timely paid in violation of Labor Code
4  sections 201 and 202; (6) non-compliant wage statements in violation of Labor Code
5  section 226(a); (7) unreimbursed business expenses in violation of Labor Code
6  sections 2800 and 2802; and (8) violation of California Business & Professions Code
7  section 17200 et seq. (*See generally* TAC.)

8        6.     By way of her TAC, Plaintiff has alleged, among other things, she was
9  required to perform off-the-clock work and worked in excess of 40 hours per week,
10 and did not receive compensation for her off-the-clock work, including for hours
11 worked in excess of the 40 hours per week, resulting in, *inter alia*, a failure by
12 Defendant to pay legally-mandated overtime and minimum wages.

13       7.     On October 30, 2017, Defendant filed an Answer to Plaintiff's Third
14 Amended Complaint (Dkt. #58). In its Answer, Defendant denies all of Plaintiff's
15 substantive allegations about alleged legal violations and alleged failure to properly
16 pay Plaintiff for alleged overtime and/or minimum wage and failure to pay properly
17 under any legal theory.

18       8.     Since the commencement of the lawsuit, the Parties have engaged in
19 extensive discovery, including exchanging initial factual disclosures as well as
20 propounding and responding to written discovery and exchanging thousands of pages
21 of documents, and Defendant deposed Plaintiff and Plaintiff deposed four of
22 Defendant's company representatives, with respect to Plaintiff's allegations.

23       9.     Shortly after Plaintiff's deposition and before Plaintiff's deadline to
24 move for class certification, the Parties engaged in settlement negotiations in an effort
25 to avoid the time and expense of litigation. Following good faith, arm's length
26 negotiations, the Parties reached a settlement resolving all of Plaintiff's claims,
27 including any claims she might have under the Fair Labor Standards Act ("FLSA").
28 The Parties entered into two settlement agreements: one resolving only Plaintiff's

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3

JOINT STIPULATION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND, UPON APPROVAL, JOINTLY STIPULATING TO DISMISSAL OF PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND THE CLAIMS OF PUTATIVE CLASS MEMBERS WITHOUT PREJUDICE

1  individual FLSA claims and a second agreement resolving only her remaining
2  individual claims and including a general release.

3      10.    While Plaintiff has not specifically pled a FLSA claim in her Third
4  Amended Complaint, her factual allegations in that pleading relating to her individual
5  claims for unpaid overtime for hours worked in excess of 40 hours per week and
6  unpaid minimum wages form the same factual predicate as those that might
7  potentially be asserted by her on an individual basis under the FLSA, and as a part of
8  their settlement the parties have agreed to resolve all claims between only Plaintiff
9  and Defendant, including any individual claims that Plaintiff may have under the
10  FLSA. Accordingly, the parties entered into a separate settlement agreement
11  resolving only Plaintiff's individual FLSA claims.

12      11.    The Federal Rules of Civil Procedure only require court approval of a
13  settlement "if the claims, issues, or defenses of a certified class are resolved by a
14  settlement, voluntary dismissal, or compromise," whereas settlement of individual
15  claims (and dismissal thereof) and voluntary dismissal of putative class claims without
16  prejudice, is appropriate by way of stipulation. 2003 Advisory Committee Notes for
17  Fed. R. Civ. Proc. 23; Fed. R. Civ. Proc. 23(e); Manual for Complex Litigation
18  (Fourth) §§ 13.14 and 21.312; Fed. R. Civ. Proc. 41(a)(1)(A)(ii). No class has been
19  certified in the above-entitled action.

20      12.    The Ninth Circuit has not established criteria for district courts to
21  consider in determining whether a FLSA settlement should be approved. However,
22  district courts in the Ninth Circuit generally apply the standard adopted by the
23  Eleventh Circuit in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982).
24  *See e.g., Beidleman v. City of Modesto*, 2017 WL 5257087, at *1 (E.D. Cal Oct. 26,
25  2017); *Slezak v. City of Palo Alto*, 2017 WL 2688224, at *1-2 (N.D. Cal. June 22,
26  2017). Thus in reviewing a FLSA settlement, courts must determine whether the
27  settlement represents a "fair and reasonable resolution of a bona fide dispute." *Lynn's*
28  *Food Stores*, 679 F.2d at 1355. "A bona-fide dispute exists when there are legitimate

4

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**JOINT STIPULATION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND, UPON APPROVAL, JOINTLY STIPULATING TO DISMISSAL OF PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND THE CLAIMS OF PUTATIVE CLASS MEMBERS WITHOUT PREJUDICE**

questions about the 'existence and extent of Defendant's FLSA liability.'" *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (internal quotation marks and citation omitted). Once a court determines that a bona fide dispute exists, "it must then determine whether the settlement is fair and reasonable." *Id*. Courts should consider the following factors in evaluating whether a settlement is fair and reasonable under the FLSA : (1) the stage of proceedings and the amount of discovery completed; (2) the complexity, expense, and likely duration of the litigation; (3) the probability of plaintiff's success on the merits; (4) the range of possible recovery; (5) the existence of fraud or collusion behind the settlement; and (6) opinions of counsel. *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn*, 679 F.2d at 1354. There is a "strong presumption" that an FLSA settlement reached as part of the settlement of a lawsuit is fair, reasonable and adequate under these factors. *Dail v. George A. Arab, Inc.* 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (in reviewing the settlement of a FLSA claim, "the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair") (external citation omitted).

13. Here, a bona fide dispute exists as to whether Plaintiff is entitled to overtime compensation under the FLSA. Specifically, while Plaintiff claims to have worked significant overtime, Defendant's time record show that even if Plaintiff did work additional unrecorded time up to several hours per week, overtime would have been rare. As such, there is a bona fide dispute as to the amount of hours worked by Plaintiff and compensation due to Plaintiff, and proof of Plaintiff's claim could have been accomplished only through further discovery and cost for all Parties, including successfully overcoming dispositive motions filed by Defendant and then trial of this action.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5

**JOINT STIPULATION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND, UPON APPROVAL, JOINTLY STIPULATING TO DISMISSAL OF PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND THE CLAIMS OF PUTATIVE CLASS MEMBERS WITHOUT PREJUDICE**

14. In this case, the proposed settlement of Plaintiff's FLSA claims is fair, just and reasonable. At all times during this litigation, Plaintiff and Defendant have been represented by counsel experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement was the subject of arms-length negotiations. The settlement was reached after both Parties engaged in preliminary fact-finding regarding the merits of their respective client's positions. Counsel for the Parties exchanged information about Plaintiff's work time and pay, including Defendant's counsel producing Plaintiff's clock in and out records and payroll records, and counsel for the Parties then discussed on several occasions the merits of the case. Based on their assessment of the strengths and weaknesses of the case, counsel for both Parties ardently negotiated their position, and several offers and counteroffers were exchanged. In the end, both Parties' experienced counsel deemed the settlement fair and reasonable.

15. The Parties' agreement that the settlement of Plaintiff's FLSA claims is fair and reasonable is also a significant factor weighing in favor of the Court's approval of the settlement. *See Larsen v. Trader Joe's Co.*, 2014 WL 3404531, *5 (N.D. Cal. Jul. 11, 2014) ("[t]he opinions of counsel should be given considerable weight both because of counsel familiarity with th[e] litigation and previous experience with cases"). Here, the Parties negotiated a fair and reasonable settlement amount for Plaintiff's individual FLSA claim with a full understanding of the estimated number of hours that Plaintiff claimed to have worked in a work week and Plaintiff's hourly rate as developed in extensive discovery. The Parties agree that this settlement is fair and reasonable and weighs in favor of approval of the settlement by the Court.

16. Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendant in this case, Plaintiff has entered the Settlement Agreement with full notice of the rights she is settling and releasing, and the settlement was reached after the Parties engaged in preliminary fact-

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6

**JOINT STIPULATION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND, UPON APPROVAL, JOINTLY STIPULATING TO DISMISSAL OF PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND THE CLAIMS OF PUTATIVE CLASS MEMBERS WITHOUT PREJUDICE**

1  finding and exchange of information and the settlement ultimately agreed upon is the
2  product of extensive arms-length negotiations.

3       17.    Federal Rule of Civil Procedure 23 only requires notice of a settlement to
4  be provided to members of a certified class, and notice of a settlement is only required
5  if the settlement would bind the class. 2003 Advisory Committee Notes for Fed. R.
6  Civ. Proc. 23; Fed. R. Civ. Proc. 23(b); Manual for Complex Litigation (Fourth) §
7  21.312; Fed. R. Civ. Proc. 23(e). No class has been certified in the above-entitled
8  action, and the settlement resolves only Plaintiff's individual claims. As such, no
9  notice of the settlement is required to be provided to the putative class members.

10       18.    Putative class members will not be prejudiced by dismissal of class
11 claims without prejudice, without notice to the putative class members, and the class
12 claims asserted on behalf of a putative class may properly be dismissed.

13       19.    Accordingly, the Parties request that the Court approve the Settlement
14 Agreement settling and resolving all of Plaintiff's FLSA claims.

15       20.    Further, if the Court approves the Settlement Agreement, the Parties
16 hereby jointly stipulate to the dismissal of all of Plaintiff's individual claims in the
17 TAC with prejudice, and jointly stipulate to the dismissal of all the claims of putative
18 class members in the TAC without prejudice.

19     **NOW, THEREFORE,** for all of the foregoing reasons Plaintiff and Defendant,
20 by and through their counsel, stipulate, and seek an order providing, as follows:

21       1.    That the Court approve the Settlement and Release attached as **Exhibit
22 1**, settling and resolving all of Plaintiff's FLSA claims.

23       2.    If the Court approves the Settlement and Release, all dates and deadlines
24 in the above-entitled lawsuit shall be vacated.

25       3.    If the Court approves the Settlement and Release, Plaintiff's individual
26 claims in the Third Amended Complaint shall be dismissed with prejudice and the
27 claims of putative class members in the Third Amended Complaint shall be dismissed
28 without prejudice.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7

**JOINT STIPULATION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND, UPON APPROVAL, JOINTLY STIPULATING TO DISMISSAL OF PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND THE CLAIMS OF PUTATIVE CLASS MEMBERS WITHOUT PREJUDICE**

Dated: April 26, 2018

/s/ *Edwin Aiwazian*
EDWIN AIWAZIAN
ARBY AIWAZIAN
JILL J. PARKER

**LAWYERS *for* JUSTICE, PC**
Attorneys for Plaintiff
PHYLLIS FRANKE

Dated: April 26, 2018

/s/ *Hovannes G. Nalbandyan*
WESLEY E. STOCKARD
ELIZABETH STAGGS WILSON
HOVANNES G. NALBANDYAN
RACHEL WERNER

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
ANDERSON MERCHANDISERS, LLC

\* Pursuant to Local Rule 5-4.3.4, the filing party has obtained the authorization and approval of all signatories listed to file the instant Joint Stipulation Requesting Approval of Settlement and Release.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8

**JOINT STIPULATION REQUESTING APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND, UPON APPROVAL, JOINTLY STIPULATING TO DISMISSAL OF PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND THE CLAIMS OF PUTATIVE CLASS MEMBERS WITHOUT PREJUDICE**

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Anderson Merchandisers, LLC ("Anderson Merchandisers") and Phyllis Franke ("Plaintiff"). Anderson Merchandisers and Plaintiff are referred to collectively herein as the Parties. This Agreement shall be effective as of the close of business on the date the last Party signs the Agreement ("Effective Date").

WHEREAS, on or about March 17, 2017, Plaintiff filed a Complaint for Damages ("Complaint") entitled *Phyllis Franke v. Anderson Merchandisers LLC*, No. 56-2017-00494178-CU-OE-VTA in the Superior Court of the State of California, County of Ventura, which was subsequently removed to the U.S. District Court, Central District of California on April 28, 2017, and assigned to Judge Dale S. Fischer, Case No. 2:17-cv-03241 DSF- AFMx ("District Court Action"). The Complaint was filed as a representative action asserting various wage and hour-related claims under the California Labor Code, as well as a derivative claim asserted under California's Unfair Competition Law, California Business and Professions Code section 17200, et seq.;

WHEREAS, Anderson Merchandisers denies the allegations made by Plaintiff in the District Court Action, and denies that it is liable for any claims asserted by Plaintiff; and

WHEREAS, the Parties mutually desire to resolve any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), including those similar in nature to the unpaid overtime claims asserted by Plaintiff in the Complaint under the California Labor Code.

NOW THEREFORE, in consideration of the foregoing, and of the promises and mutual covenants herein contained, the Parties agree as follows:

1. **CONSIDERATION** – In consideration for Plaintiff's agreement to all of the terms, conditions and promises in this Agreement, Anderson Merchandisers agrees to cause to be paid a total settlement of Two Hundred Dollars and No Cents ($200.00), inclusive of costs and attorneys' fees incurred ("Settlement Payment"). The Settlement Payment shall be paid as follows:

    (i) One check will be made payable to "Phyllis Franke" for Two Hundred Dollars and No Cents ($200.00), less employee's share of FICA, federal and state income taxes, and any other legally required deductions. Plaintiff will receive an IRS Form W-2 reflecting this amount. Plaintiff acknowledges that the foregoing constitutes an accord and satisfaction and a full and complete settlement of any claims Plaintiff may have under the FLSA.

2. **COURT APPROVAL** – The Parties will seek to obtain the Court's approval of this individual FLSA settlement as described in this Agreement by way of a motion to be filed jointly by the Parties within three weeks of execution of this Agreement, or as otherwise necessary or as directed by the Court, including, if necessary, the filing of an amended complaint specifically asserting a FLSA claim prior to Court review and approval of this agreement. The Court's approval of this FLSA settlement as described in this Agreement shall be embodied in a

Exhibit 1 Page 9

written order. Should the Court not grant approval of this FLSA settlement as described in this Agreement, then the entirety of this Agreement shall be null and void, and Plaintiff agrees to dismiss without prejudice any FLSA claim asserted in an amended complaint for the purposes of aiding Court approval of this Agreement as noted above.

3. **SETTLEMENT CONDITION** – Plaintiff represents that, other than the District Court Action, she is not a party in any pending administrative charge, lawsuit, civil action or claim of any kind against Anderson Merchandisers. This Agreement is conditioned on the Court's approval of this Settlement Agreement and Release. If this condition is not satisfied, this Agreement shall be null and void.

4. **SUFFICIENCY OF CONSIDERATION** – Plaintiff acknowledges and agrees that the consideration provided by Anderson Merchandisers to her pursuant to this Agreement (including but not limited to Section 1) constitutes good and valuable consideration for the release and the other promises and terms in this Agreement. Plaintiff understands and agrees that she is not eligible for or entitled to any other benefit or consideration from Anderson Merchandisers for the release of her FLSA claims except as provided in this Agreement.

5. **RELEASE** – Plaintiff hereby releases and forever discharges Anderson Merchandisers and all of its parents, subsidiaries, affiliates, predecessors, successors and assigns including, but not limited to, the respective officers, directors, employees, agents, insurers, and affiliates of each of them (collectively, the "Released Parties"), from any and all claims that could have been asserted pursuant to the FLSA, including but not limited to for alleged entitlement to attorneys' fees and/or costs, because of any matter, act, omission, transaction, occurrence, or event that has or is alleged to have occurred up to the date Plaintiff signs this Agreement ("Released Claims"). This Release only extends to the Released Claims, as described above, as they apply to Plaintiff individually and for the time she worked for Anderson Merchandisers, up to and including the date of signing this Agreement. This release does not extend to any workers' compensation claims.

This Agreement shall not be deemed to release any claims to enforce either of the Parties' obligations under this Agreement; any claims that may arise after the date this Agreement is signed; or any claim that by law may not be released by private agreement. Nothing in this Agreement shall affect any state or federal government agencies' rights and responsibilities to enforce the Fair Employment & Housing Act, or any other applicable law, nor shall anything in this Agreement be construed as a basis for interfering with Plaintiff's protected right to file a timely charge with, or participate in an investigation or proceeding conducted by, the California Department of Fair Employment and Housing (DFEH), the Equal Employment Opportunity Commission (EEOC), National Labor Relations Board (NLRB), the Labor and Workforce Development Agency (LWDA) or any other state, federal or local government entity; provided, however, if the LWDA or any other state, federal or local government entity commences an investigation on Plaintiff's behalf pertaining to the claims asserted in the District Court Action, Plaintiff specifically waives and releases her right, if any, to recover any monetary or non-monetary benefits of any sort whatsoever arising from any such investigation or otherwise and from any such administrative charge or complaint filed with any government agency other than the NLRB. Nothing in the above provisions are intended to prohibit Plaintiff's exercise of her rights under Section 7 of the NLRA.

2

Exhibit 1 Page 10

6. **LIMITATION ON RESTRICTIONS**– Nothing in this Agreement is intended to or shall interfere with Plaintiff's right to participate or file charges in a proceeding with any appropriate federal, state or local government agency enforcing discrimination laws including the Equal Employment Opportunity Commission or to prohibit Plaintiff from communicating or cooperating with any such agency in its investigation. Plaintiff, however, shall not be entitled to receive any recovery or monies in connection with any FLSA claims.

7. **REPRESENTATION BY COUNSEL; UNDERSTANDING OF AGREEMENT** – Plaintiff acknowledges that she has been advised by Anderson Merchandisers to consult with an attorney before signing this Agreement, that she has, in fact, consulted with an attorney before signing this Agreement, and that she has been given a reasonable period of time in which to consider the terms of this Agreement before acting upon it. Plaintiff represents that she has carefully read and fully understands all of the provisions of this Agreement and that she has discussed all aspects of the Agreement with her attorney.

8. **COVENANT NOT TO SUE** – Plaintiff agrees not to file or initiate a lawsuit in any court or initiate an arbitration proceeding asserting any of the Released Claims against any of the Released Parties. Plaintiff further agrees that she will not permit herself to be a member of any represented group of aggrieved employees in any court or in any arbitration proceeding seeking relief against the Released Parties based on Released Claims, and that even if a court, arbitrator, or government agency rules that she may not waive a claim released by this Agreement, she will not accept or be entitled to any money damages, penalties or other relief in connection with any other action or proceeding asserting any of the Released Claims against any of the Released Parties.

9. **NON-ADMISSION OF WRONGDOING** – The Parties agree that this Agreement does not constitute an admission by Plaintiff, Anderson Merchandisers or any of the Released Parties of any of the matters alleged in the District Court Action or of any violation by any of them of any federal, state or local law, ordinance or regulation, including but not limited to the FLSA, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Plaintiff, Anderson Merchandisers or any of or any of Anderson Merchandisers' parents, subsidiaries, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. This Agreement may be introduced, however, in any proceeding to enforce this Agreement. Such introduction shall be pursuant to an order protecting its confidentiality, which order Anderson Merchandisers shall apply for and Plaintiff will not oppose.

10. **GOVERNING LAW** – This Agreement shall be governed by and conformed in accordance with the laws of the state of California without regard to its conflicts of law provisions.

11. **MUTUAL PREPARATION** – The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, this Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the

arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

    12.    **COUNTERPARTS** – This Agreement may be executed in counterparts and each counterpart will be deemed an original.

    13.    **SECTION HEADINGS** – Section headings contained in this Agreement are for convenience of reference only and shall not affect the meaning of any provision herein.

    14.    **SEVERABILITY** – Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

    15.    **ENTIRE AGREEMENT** – This Agreement sets forth the entire agreement between the Parties hereto regarding claims Plaintiff may have under the FLSA and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the Parties concerning the subject matter of this Agreement. Plaintiff acknowledges that she has not relied on any representations, promises or agreements of any kind made to her in connection with her decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. Any modification to this Agreement must be in writing and signed by Plaintiff and authorized officers of Anderson Merchandisers.

IN WITNESS WHEREOF, the parties knowingly and voluntarily executed this Settlement Agreement and Release as of the date set forth below.

Dated: March 21, 2018

_Phyllis Franke_
Phyllis Franke

Dated: March 30, 2018

Anderson Merchandisers, LLC

By: _Bill Lardie_

Print Name: BILL LARDIE

Title: CEO

APPROVED AS TO FORM:

DATED: ~~March~~ April 10, 2018

LITTLER MENDELSON, P.C.

By _[signature]_
WESLEY E. STOCKARD
ELIZABETH STAGGS WILSON
HOVANNES G. NALBANDYAN
RACHEL C. WERNER
Attorneys for Defendant

APPROVED AS TO FORM:

DATED: March 22, 2018

LAWYERS FOR JUSTICE, PC

By _[signature]_
EDWIN AIWAZIAN
Attorneys for Plaintiff

5

Exhibit 1 Page 13